NOT DESIGNATED FOR PUBLICATION

No. 118,375

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

ZHENG GEN DENG LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed October 19, 2018. Appeal dismissed.

*Charles A. O'Hara*, of O'Hara & O'Hara, of Wichita, for appellant.

*Michael S. Phillips*, assistant city attorney, for appellee.

Before BRUNS, P.J., BUSER and SCHROEDER, JJ.

PER CURIAM:  This is an appeal by Zheng Gen Deng Lewis of her conviction in the Sedgwick County District Court upon her no contest plea to solicitation for immoral purposes in violation of the Wichita Municipal Code. On appeal, Lewis contends her plea was "invalid and illegal." She asks that her conviction be reversed and that she be afforded a jury trial. Upon our review, we conclude that we have no jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2016, Lewis pled no contest in the Wichita Municipal Court to the sale of sexual relations in violation of the municipal code. There is no transcript of the municipal proceedings but the journal entry indicates the municipal court found Lewis guilty and sentenced her to six months in jail and a $200 fine. Additionally, Lewis was advised of her appeal and expungement rights. A stay of sentence was granted until April 1, 2016. On March 31, 2016, Lewis filed a notice of appeal to the Sedgwick County District Court.

The district court scheduled the case for a bench trial on April 21, 2016. On April 7, 2016, Lewis filed a request for a jury trial. In response, the district court scheduled the jury trial for June 13, 2016. There is no transcript or recording of the proceedings on that date in the record on appeal, but the journal entry of judgment memorializes that Lewis pled no contest to soliciting for immoral purposes in violation of the municipal code. The district court sentenced Lewis to six months in jail but placed her on a non-reporting probation.

On November 21, 2016, the district court filed a nunc pro tunc order to correct the June 13, 2016 journal entry which failed to record the length of probation imposed in the case. The nunc pro tunc order modified the earlier journal entry to state that Lewis was placed on a six-month probation. More than one year after the plea, on August 25, 2017, new counsel for Lewis entered an appearance and filed a notice of appeal to our court to appeal the conviction.

Because the notice of appeal was untimely, our court issued a show cause order to address why this case should not be dismissed for lack of jurisdiction. Lewis responded to the show cause order by arguing that the district court did not inform her of the right to appeal after she entered her plea and she was entitled to an *Ortiz* hearing. See *State v.*

2

*Ortiz*, 230 Kan. 733, 640 P.3d 1255 (1982). We remanded the case to the district court and, following the *Ortiz* hearing, the district court ruled that Lewis had established grounds to file the untimely appeal. Our court retained the appeal.

DISCUSSION

On appeal, Lewis seeks to withdraw her plea because she contends the district court violated her due process rights when the plea was not held in open court in violation of K.S.A. 2017 Supp. 22-3210(a)(1) and there was no showing of a factual basis for the plea in violation of K.S.A. 2017 Supp. 22-3210(a)(4). In this regard, Lewis emphasizes that there is no record that either of these circumstances occurred and that a silent record does not presume a waiver of these statutory rights. In a related matter, Lewis also seeks to set aside her plea because, although she timely requested a jury trial, she claims there is no record that she knowingly waived her statutory right to a jury trial.

The City of Wichita (City) counters that the statute does not require that a record be taken on a misdemeanor plea, only that the plea is held in open court with access to the public. The City also contends that the factual basis requirement was met because Lewis was given a copy of the complaint, which included a factual basis for the crime. Finally, the City argues that Lewis was not required to formally waive her statutory right to a jury trial because she was charged with a petty crime.

Although not raised by either party, it is necessary to consider whether our court has jurisdiction to review this appeal. An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. See *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate

3

courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

K.S.A. 2017 Supp. 22-3602(a) provides: "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto." Our Supreme Court has held, however, that K.S.A. 22-3210(d) provides some discretion for district courts to allow the withdrawal of pleas prior to sentencing for good cause shown and after sentencing to correct manifest injustice. *State v. Solomon*, 257 Kan. 212, 217-19, 891 P.2d 407 (1995). If the district court denies the motion to withdraw, the defendant may appeal the denial to the appellate courts notwithstanding K.S.A. 22-3602(a). *State v. Williams*, 37 Kan. App. 2d 404, 406-07, 153 P.3d 566 (2007).

Of particular relevance to this appeal, however, in order for a direct appeal to be taken from a conviction based on a plea made in district court, it is necessary for the defendant to first file a motion to withdraw the plea in the district court. Our Supreme Court succinctly pronounced this rule of law:

"A defendant cannot take a direct appeal from a conviction flowing from a guilty plea. Such defendant must first file a motion to withdraw plea in the district court. If that motion is denied, a direct appeal may follow. The defendant's failure to file a motion to withdraw plea . . . deprives this court of appellate jurisdiction." *State v. Hall*, 292 Kan. 862, Syl. ¶ 1, 257 P.3d 263 (2011).

In the case on appeal, it is undisputed that Lewis did not file a motion to withdraw her plea in the district court. Our Supreme Court's opinion in *Hall* is dispositive of this issue. Accordingly, our court does not have jurisdiction to consider this appeal.

4

For the sake of completeness, we also observe that even if we had jurisdiction to consider this appeal, we could not consider it. Issues not raised before the trial court may not be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Even constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

Upon our review of the record and appellant's brief, it is apparent that Lewis did not object in the district court to any alleged failures in the plea procedure or waiver of the statutory right to a jury trial. This deficiency would ordinarily preclude our consideration of the appeal. There are exceptions, however, and Lewis simply states, without argument, that one exception is that consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Inexplicably, however, Lewis does not explain why her complaints were not raised in the district court or provide our court with any sufficient factual or legal basis to consider whether to apply this exception under the circumstances of this case.

Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). In short, apart from the fact that we have no jurisdiction, by failing to comply with Supreme Court Rule 6.02(a)(5) as interpreted by *Williams*, Lewis has waived or abandoned the issues on appeal.

Appeal dismissed.