(141 P.3d 521)

No. 93,563

STATE OF KANSAS, *Appellee*, v. JOSHUA J. THORPE, *Appellant*.

Opinion filed September 1, 2006.

*Carl F.A. Maughan*, of Maughan Hitchcock LC, of Wichita, for appellant.

*Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., MCANANY, J., and KNUDSON, S.J.

MCANANY, J.: Joshua J. Thorpe pled guilty to one count of involuntary manslaughter while driving under the influence of alcohol and two counts of aggravated battery. He was sentenced to a controlling prison term of 94 months. Thorpe appeals his convictions and his sentences.

### The Facts

Thorpe was involved in a three-car collision sometime between 3 and 3:30 a.m. on December 6, 2003. His vehicle was observed

swerving from side to side in its own lane and striking the curb three times before it struck a Ford pickup. The impact caused Thorpe's vehicle to spin around and cross into the lane for oncoming traffic where it struck a Mercury Cougar head on. Thorpe's passenger, Zachariah Mills, died at the scene. The driver of the Mercury and her passenger were injured. The pickup truck was damaged, but its occupants were not injured. Thorpe's blood sample taken at approximately 5:58 a.m. showed a blood-alcohol concentration of .15. At the hospital, Thorpe misidentified himself as his brother. Several hours later he admitted his true identity.

Thorpe was charged with involuntary manslaughter while under the influence of drugs or alcohol, two counts of aggravated battery, and making a false information.

Thorpe waived a preliminary hearing and signed an acknowledgment of his rights. He agreed to plead guilty to involuntary manslaughter and two counts of aggravated battery in exchange for the State's dismissal of the charge of making a false information and its agreement to recommend to the sentencing court to impose the low number in the appropriate guidelines grid box on each sentence and that the court impose concurrent sentences.

At the plea hearing, Thorpe advised the court that he "got behind the wheel of an automobile while I was intoxicated and caused a wreck that led to the death of Zack Mills." When asked if he caused bodily injury to the occupants of the Mercury, Thorpe stated: "They were in the car that I hit." He also admitted he was driving under the influence at the time. The trial court found a factual basis for each of the charges and accepted Thorpe's guilty plea.

At his sentencing hearing a month later, Thorpe was sentenced to consecutive prison terms of 47 months for involuntary manslaughter and 31 months for each conviction of aggravated battery. Since his total prison sentence on all convictions was more than twice the sentence for his involuntary manslaughter conviction, his controlling sentence was reduced to 94 months in accordance with K.S.A. 21-4720(b)(4).

Thorpe appeals both his convictions and his sentences. He claims the court lacked a factual basis to support his conviction for

involuntary manslaughter. He further claims the trial court abused its discretion in imposing consecutive sentences.

*The Plea*

Thorpe does not argue that his plea was made involuntarily or that he did not understand the consequences of his plea. Rather, he argues that at the plea hearing, the court did not have before it any evidence that he was under the influence of alcohol to the extent that he was rendered incapable of safely operating his vehicle. In his opinion, his statement to the court was not sufficient to establish this.

The State argues that this issue, which was not raised below, is not properly before this court on appeal. It further argues that we have no jurisdiction to hear this appeal because K.S.A. 2005 Supp. 22-3602(a) provides:

"No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."

K.S.A. 2005 Supp. 22-3602(a) controls. A defendant may not file a direct appeal from a guilty plea unless the defendant first files a motion to withdraw the plea and the trial court denies the motion. See *State v. Solomon*, 257 Kan. 212, 219, 891 P.2d 407 (1995); K.S.A. 2005 Supp. 22-3210(d). Since Thorpe did not move to withdraw his plea, the exception does not apply to Thorpe. This issue is not properly before us. See 257 Kan. at 221-22.

As additional grounds, we note that we may not consider an issue which Thorpe failed to raise below. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003). There are no exceptional circumstances which would permit us to deviate from this rule. See *State v. Wiegand*, 275 Kan. 841, 844-45, 69 P.3d 627 (2003).

*The Sentences*

Thorpe argues the trial court abused its discretion in imposing consecutive sentences contrary to the State's recommendation of concurrent sentences. The State points out that we have no jurisdiction over an appeal from a presumptive sentence. See K.S.A.

21-4721(c)(1). This is an issue of law over which our review is unlimited. See *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

In Kansas, the right to appeal is strictly statutory. Neither the United States Constitution nor the Kansas Constitution guarantees the right to appeal. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004). Therefore, appellate courts may only exercise jurisdiction over an appeal if it is taken within the time limitations and in the manner prescribed by statute. See *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999).

K.S.A. 21-4721 provides:

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

(1) Any sentence that is within the presumptive sentence for the crime; or

(2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

Thorpe received a controlling prison sentence of 94 months, which is a presumptive sentence for convictions of one count of involuntary manslaughter and two counts of aggravated battery. Thorpe argues that he should have received concurrent sentences for these three convictions, for a total of 47 months. Thorpe's controlling sentence was within the presumptive range. K.S.A. 21-4721(c)(1) controls. We lack jurisdiction to consider an argument that imposing consecutive sentences is an abuse of judicial discretion. See *State v. Flores*, 268 Kan. 657, 658-60, 999 P.2d 919 (2000).

Appeal dismissed.