No. 104,114

STATE OF KANSAS, *Appellee*, v. ALEX C. JACOBS, *Appellant*.

(263 P.3d 790)

Opinion filed October 21, 2011.

*Bryan C. Hitchcock* and *Carl F.A. Maughan*, of Maughan & Maughan LC, of Wichita, were on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Alex C. Jacobs argues in this summary calendar case that his sentence under Jessica's Law, K.S.A. 21-4643, violated both the federal and state constitutions and that the sentencing judge erred by making his sentences consecutive rather than concurrent.

Jacobs pleaded guilty to three offenses: one count of off-grid aggravated indecent liberties, one count of severity level 3 aggravated indecent liberties, and one count of severity level 3 criminal sodomy. In exchange for Jacobs' plea, the State agreed to join in Jacobs' motion for departure from Jessica's Law to the Kansas Sentencing Guidelines Act grid for the off-grid aggravated indecent liberties conviction.

The sentencing judge "reluctantly" conformed to the parties' agreement on the departure motion, imposing a 107-month prison

sentence at the high end of the grid range for the off-grid aggravated indecent liberties conviction. The judge also imposed 61 months for each of the severity level 3 convictions. All three sentences were ordered to run consecutive to each other and to Jacobs' sentence in another case.

Neither of Jacobs' arguments in this appeal can lead to relief.

The constitutional challenge to Jessica's Law was not made in the district court and will not be examined and ruled upon for the first time on appeal. See, *e.g., State v. Sellers,* 292 Kan. 117, 131, 253 P.3d 20 (2011); *State v. Berriozabal,* 291 Kan. 568, Syl. ¶ 14, 243 P.3d 352 (2010); *State v. Gomez,* 290 Kan. 858, Syl. ¶ 11, 235 P.3d 1203 (2010). In addition, Jacobs cannot challenge any constitutional infirmity that may exist in Jessica's Law, because he received a departure to the grid from K.S.A. 21-4643's life sentence with mandatory minimum. See *State v. Snow,* 282 Kan. 323, 343, 144 P.3d 729 (2006) ("defendant[] . . . for whom a statute is constitutionally applied cannot challenge the constitutionality of the statute on the grounds that the statute may conceivably be applied unconstitutionally in circumstances other than those before the court"; such defendant "has no standing").

We lack jurisdiction to address Jacobs' second appellate argument that the sentencing judge erred by making his sentences consecutive rather than concurrent. All three sentences were presumptive. See K.S.A. 21-4721(c)(1); *State v. Hernandez,* 292 Kan. 598, 608, 257 P.3d 767 (2011) (sentence within gridbox presumptive); *State v. Huerta,* 291 Kan. 831, 833, 247 P.3d 1043 (2011) (same). "The imposition of consecutive presumptive sentences does not constitute a departure subject to appeal." See *State v. Bramlett,* 273 Kan. 67, 68, 41 P.3d 796 (2002) (citing *State v. Flores,* 268 Kan. 657, 660, 999 P.2d 919 [2000]). And an appellate court lacks jurisdiction to consider an argument that imposing consecutive sentences is an abuse of discretion. See *Flores,* 268 Kan. at 658-60; *State v. Thorpe,* 36 Kan. App. 2d 475, 478, 141 P.3d 521, *rev. denied* 282 Kan. 796 (2006).

The judgment of the district court is affirmed.