NOT DESIGNATED FOR PUBLICATION

No. 112,741

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY T. WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed August 26, 2016. Appeal dismissed.

*Reid T. Nelson*, of Capital and Conflicts Appeals Office, for appellant.

*Patrick J. Hurley*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Anthony T. White appeals his conviction following a guilty plea to one count of indecent liberties with a child. White argues the district court erred in finding he was competent to enter a plea. He also argues he is not competent to register under the Kansas Offender Registration Act (KORA), K.S.A. 2015 Supp. 22-4901 *et seq*. For the reasons stated herein, we dismiss White's appeal for lack of jurisdiction.

On May 10, 2013, the State charged White with one count of indecent liberties with a child. Specifically, the information alleged that from January to March 2013,

1

White touched or fondled J.G., who was between 14 and 16 years of age. The district court ordered a competency evaluation on July 2, 2013. A psychological evaluation report dated July 10, 2013, prepared by Marciana Vequist, Ph.D., concluded that White was competent to stand trial.

The district court held a competency hearing on November 12, 2013, at which Robert W. Barnett, Ph.D., testified on White's behalf. According to Barnett, White is moderately mentally retarded with an IQ in the 40's or 50's. White also suffers from anxiety and depression. Barnett opined that White was incompetent to understand the nature of the proceedings or the charges against him. White's mother also testified at the hearing and established that White, who was 22 years old at the time of the hearing, lived at home with his parents and attended a vocational rehabilitation center that helps with low functioning adults. After hearing the evidence, the district court took the matter under advisement. The parties reconvened on November 19, 2013, and the district court ruled that White was competent to stand trial.

On April 25, 2014, White pled guilty to indecent liberties with a child. The record reflects that White needed to consult with his attorney on multiple occasions during the hearing. The district court found that there was a factual basis for the plea and that White entered the plea "understanding" the rights he was waiving. Prior to sentencing, White filed a motion asking the district court to find him incompetent to register under KORA.

The district court held a sentencing hearing on July 31, 2014. The district court sentenced White to 32 months' imprisonment with lifetime postrelease supervision but granted probation with community corrections for 36 months. The district court denied White's motion for a finding that he was incompetent to register under KORA. Instead, the district court found that the registration requirement was mandatory and imposed 25 years' registration. White did not file a motion to withdraw his plea either prior to or after sentencing. However, White filed a timely notice of appeal.

2

On appeal, White claims that the district court "erred in finding that [he] was competent to enter a plea and register." The State responds by arguing that this court lacks jurisdiction over this appeal because White pled guilty and did not file a motion to withdraw his plea. In the alternative, the State argues that White was competent to enter a plea and to be ordered to register as a sex offender. We will first address jurisdiction.

Whether jurisdiction exists is a question of law over which an appellate court's review is unlimited. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *State v. Mburu*, 51 Kan. App. 2d 266, 269, 346 P.3d 1086, *rev. denied* 302 Kan. 1017 (2015). An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013).

K.S.A. 2015 Supp. 22-3602(a) broadly prohibits an appeal from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere. See *State v. Solomon*, 257 Kan. 212, 218-19, 891 P.2d 407 (1995). A defendant may not file a direct appeal of a conviction from a guilty plea unless the defendant first files a motion to withdraw the plea and the district court denies the motion. See *State v. Thorpe*, 36 Kan. App. 2d 475, 477, 141 P.3d 521 (2006). Entry of a guilty plea without a subsequent motion to withdraw the plea in the district court deprives the appellate court of jurisdiction. This is true even where the defendant argues he was not competent to enter his plea. See *State v. Hall*, 292 Kan. 862, 866-67, 257 P.3d 263 (2011).

Had White been found guilty of indecent liberties with a child based upon stipulated facts, he subsequently could have appealed his conviction and the district court's finding that he was competent to stand trial. Likewise, had White filed a motion to

withdraw his guilty plea, either before or after sentencing, he could have appealed the denial of such a motion. See *Thorpe*, 36 Kan. App. 2d at 477. But White's guilty plea amounted to a waiver of his constitutional rights and his claimed defense that he was incompetent to stand trial. See *State v. Moses*, 280 Kan. 939, 946, 127 P.3d 330 (2006).

Also, when White pled guilty to the charge, he waived his claim that he is incompetent to be ordered to register under KORA. As the judge noted at sentencing, the district court was required by law to order White to register under KORA for a duration of 25 years for his conviction of indecent liberties with a child. See K.S.A. 2015 Supp. 22-4906(b)(1)(E). We note that if White is ever charged in a subsequent case with failure to register under KORA, he certainly would be free to challenge his competency to stand trial or to raise a mental incapacity defense in such a proceeding if he or his counsel believes there is grounds to do so. But because White pled guilty to the charge of indecent liberties with a child and failed to move to withdraw his plea in the district court prior to filing his appeal herein, this court lacks jurisdiction to consider the issues he raises on appeal. See K.S.A. 2015 Supp. 22-3602(a); *Hall*, 292 Kan. at 866-67.

Appeal dismissed.