NOT DESIGNATED FOR PUBLICATION

No. 115,837

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KALUN JAMES PURUCKER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 28, 2017. Affirmed in part and dismissed in part.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.


*Per Curiam*:  Kalun James Purucker appeals the district court's order revoking his probation and ordering him to serve his underlying sentence. Specifically, Purucker argues the district court abused its discretion in revoking his probation and in denying his request that he serve his sentences concurrently rather than consecutively. For the reasons stated below, we find that the district court did not abuse its discretion in revoking Purucker's probation and that we have no jurisdiction to review Purucker's request for a reduction of a presumptive sentence.

1

FACTS

Purucker pled no contest to two counts of possession with intent to distribute marijuana, a severity level 3 nonperson drug felony. The district court sentenced Purucker to 18 months' probation with an underlying prison sentence of 18 months on count 1 and 15 months on count 2, to run consecutively.

In January 2013, the State filed a motion to revoke Purucker's probation alleging several violations, including failure to report to his probation officer, failure to complete substance abuse treatment, failure to refrain from possessing or consuming drugs, failure to submit to urinalysis, and failure to serve a jail sanction for a positive drug test. An amended motion to revoke was filed in March 2013, adding allegations that Purucker failed to report while on bond pending resolution of the original motion. A second amended motion was filed in May 2013, claiming new violations, one of which was an allegation that Purucker had been charged in a new felony case. In March 2014, Purucker filed a motion informing the court that he was serving a federal prison sentence after a conviction for firearm possession.

On April 7, 2016, after Purucker was released from federal prison, the district court held a hearing on the motions to revoke. Purucker stipulated to violating the conditions of probation as alleged. In light of this stipulation, the State asked the court to revoke Purucker's probation and to impose his underlying sentences. Purucker opposed the State's request, asking the court to reinstate probation because he had participated in the following programs while in federal prison in an attempt to better himself:  a drug abuse program, an active parenting class, and Alcoholics Anonymous. If the district court was not inclined to reinstate probation, Purucker alternatively asked the court to run his two counts concurrently rather than consecutively, as originally imposed. The State opposed Purucker's request to run the sentences concurrently, citing language in the plea agreement and Purucker's overall poor performance on probation. After considering the

arguments of counsel, the district court revoked Purucker's probation and imposed the underlying prison sentence of 18 months on count 1 and 15 months on count 2, to run consecutively.

## ANALYSIS

Purucker claims the district court abused its discretion in revoking his probation and ordering him to serve his underlying sentence.

Unless otherwise required by law, probation from service of a sentence is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). On review, the appellate court will not find the district court abused its discretion unless the court's action is:  (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Wells*, 289 Kan. 1219, 1226, 221 P.3d 561 (2009).

Notwithstanding his claim of error in revoking probation, Purucker acknowledges that by stipulating to violating the conditions of his probation, including committing a new crime on probation, the district court had the discretion necessary to impose his underlying prison sentence without imposing a graduated sanction. Moreover, Purucker does not allege, let alone bear his burden to prove, that the district court's decision to revoke his probation was unreasonable, based on an error of law, or based on an error of fact. See *Ward*, 292 Kan. at 550. To the contrary, the evidence supports the district court's decision to revoke Purucker's probation. Purucker admitted to multiple violations of the terms of his probation, including committing a new offense. Under these

3

circumstances, the court was well within its discretion in revoking Purucker's probation and ordering imprisonment. Consequently, there was no abuse of discretion in the district court's decision.

In his second issue on appeal, Purucker contends the district court abused its discretion in denying his request to serve his sentences concurrently rather than consecutively. In support of his claim that the court abused its discretion, Purucker argues the court unreasonably disregarded the successful programs he completed while in federal prison and failed to take into account the fact that his 3-year federal sentence was longer than the sentence he would have received under state law. Purucker also argues the court did not have the opportunity to observe whether his behavior had been corrected because he had not previously had his probation revoked.

We do not have jurisdiction to resolve Purucker's second issue. Specifically, the district court imposed presumptive sentences for each of Purucker's convictions and an appellate court does not have jurisdiction to consider an appeal from a presumptive sentence. K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011) ("appellate court lacks jurisdiction to consider an argument that imposing consecutive sentences is an abuse of discretion"). Because we do not have jurisdiction to consider it, we dismiss Purucker's claim that he should have received concurrent sentences for these convictions. See *State v. Thorpe*, 36 Kan. App. 2d 475, 478, 141 P.3d 521 (2006).

Affirmed in part and dismissed in part.

4