NOT DESIGNATED FOR PUBLICATION

Nos. 118,853
118,854
118,855

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN R. MCMURRAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed August 10, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Benjamin McMurray received probation after pleading guilty to felony theft. While serving probation, McMurray pleaded guilty to several new crimes. The district court revoked McMurray's probation, imposed his underlying sentence, and denied his request to be put on probation for his new crimes. On appeal, McMurray appeals the revocation of his probation as well as the sentence he received for his new crimes, claiming that the district court erred by denying his request for a dispositional departure to probation, making his sentences consecutive to each other, and using his prior convictions to enhance his sentence.

FACTUAL AND PROCEDURAL BACKGROUND

McMurray received 12 months of probation after he pleaded guilty to felony theft in Sedgwick County case No. 16CR2060. The district court sentenced McMurray to a seven-month underlying prison sentence that he would have to serve if he did not successfully complete probation. Months later, McMurray was charged with two new crimes in case No. 17CR447—burglary and theft, both felony offenses. McMurray agreed to plead guilty to both offenses and the State agreed to support his motion requesting probation rather than a prison sentence for his new crimes. That motion is known as a dispositional-departure motion because it asks for a different sentencing disposition—probation rather than prison.

Before sentencing in case No. 17CR447, McMurray was charged in a third criminal case, case No. 17CR2171. In that case, the State alleged McMurray committed theft and interference with law enforcement, both felony offenses, and possession of drug paraphernalia, a misdemeanor. McMurray agreed to plead guilty to theft and interference with law enforcement and the State agreed to dismiss the drug-paraphernalia charge.

In case Nos. 17CR447 and 17CR2171, McMurray pleaded guilty as agreed. At sentencing, he admitted that he had violated his probation in case No. 16CR2060 by committing the new crimes. The court denied McMurray's dispositional-departure motion requesting probation in case Nos. 17CR447 and 17CR2171 and sentenced McMurray to the standard prison sentence under the Kansas sentencing guidelines for each crime: 19 months in prison total for case No. 17CR447, to run consecutive (back to back) to a total of 16 months in prison for case No. 17CR2171. The district court then revoked McMurray's probation in case No. 16CR2060 and ordered him to serve his seven-month underlying sentence, to be served consecutive to his sentences in case Nos. 17CR447 and 17CR2171.

ANALYSIS

McMurray claims that the district court erred by revoking his probation in case No. 16CR2060 and ordering him to serve his seven-month underlying sentence. When a convicted felon violates the terms of probation, Kansas law generally provides that he or she receive an intermediate sanction, such as a short jail stay followed by a return to probation, rather than being sent to prison on the first violation. K.S.A. 2017 Supp. 22-3716(c)(1). But there's an exception to the general rule: intermediate sanctions aren't required when the offender commits a new crime. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

McMurray pleaded guilty to four new crimes while on probation, giving the court the discretion to send him to prison. Accordingly, we review the district court's decision here only for abuse of discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). While McMurray insists that he should have been put back on probation, he also admitted that he committed four new crimes—all felony offenses. A reasonable person could agree with the district court's decision to send McMurray to prison.

McMurray also challenges the sentences he received in case Nos. 17CR447 and 17CR2171. First, he claims that the district court erred by denying his request for a dispositional departure to probation. But this court does not have jurisdiction to review a sentence that is within the presumptive sentence for the crime. K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Hilt*, 299 Kan. 176, 201, 322 P.3d 367 (2014). Because the court sentenced McMurray within the presumptive sentencing range for each crime, we do not have jurisdiction to review those sentences.

3

McMurray's next challenge is to the district court's decision to make some of his sentences consecutive to one another. We question whether we have jurisdiction over this issue since the underlying sentences are all presumptive sentences. See *State v. Thorpe*, 36 Kan. App. 2d 475, 478, 141 P.3d 521 (2006). But even if we do have proper jurisdiction over this issue, it is within the district court's discretion to run a defendant's sentences consecutive to each other. *State v. Mosher*, 299 Kan. 1, 3-4, 319 P.3d 1253 (2014). We find no abuse of discretion in the district court's decision to do so here.

Last, McMurray argues that the court violated his constitutional rights when it used his prior convictions to calculate his criminal-history score, which was used to enhance his sentences. McMurray cites *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be submitted to a jury and proved beyond a reasonable doubt.

But McMurray also recognizes that the Kansas Supreme Court has already considered this issue and confirmed that *Apprendi* does not keep the sentencing court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. Accordingly, a defendant's criminal-history score doesn't have to be proved to a jury beyond a reasonable doubt before it can be used to increase a defendant's sentence. See, e.g., *State v. Overman*, 301 Kan. 704, 716-17, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002). The district court did not err by considering McMurray's prior convictions to calculate his criminal-history score and impose the guidelines sentences.

On McMurray's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S.

4

Ct. R. 47). We have reviewed the record of the sentencing court and find no error in the sentences it imposed.

We affirm the district court's judgment.