NOT DESIGNATED FOR PUBLICATION

No. 119,681

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID FRANKLIN FORD JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed February 8, 2019. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: David Franklin Ford Jr. appeals his sentence following his convictions of rape and aggravated indecent liberties with a child. We granted Ford's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On March 9, 2018, Ford entered a no contest *Alford* plea to one count of rape and one count of aggravated indecent liberties with a child, both off-grid felonies. At the sentencing hearing on May 25, 2018, both parties recommended a downward departure to the grid as part of the plea agreement. The State argued for the sentences to run consecutively, while Ford argued for concurrent sentences. The district court granted the motion for a departure to the grid and, using criminal history score I, imposed

1

presumptive sentences of 155 months' imprisonment for the rape conviction and 59 months' imprisonment for the aggravated indecent liberties with a child conviction. The district court ordered the sentences to run consecutively. Ford timely appealed.

On appeal, Ford claims the district court "abused its discretion in ordering his sentences to run consecutively to each other rather than concurrently." He argues that the touching that was the basis for the two counts was a part of the same continuous act and that he apologized to the victim, his daughter, immediately after it happened. He also argues that the actions were a one-time occurrence, which occurred after he had been drinking, and would never happen again.

As Ford acknowledges in his motion, "an appellate court lacks jurisdiction to consider an argument that imposing consecutive sentences is an abuse of discretion." *State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011). In *Jacobs*, the district court granted a departure to the grid in a Jessica's Law case and imposed consecutive sentences. Our Supreme Court noted that the sentences were presumptive under the guidelines and that the imposition of consecutive presumptive sentences does not constitute a departure subject to appeal. 293 Kan. at 466; see K.S.A. 2017 Supp. 21-6820(c)(1). Based on *Jacobs* and K.S.A. 2017 Supp. 21-6820(c)(1), we lack jurisdiction to address Ford's claim on appeal.

Appeal dismissed.