NOT DESIGNATED FOR PUBLICATION

No. 120,003

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN JAMAR FRANKLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed May 17, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and LEBEN, JJ.

PER CURIAM: Dustin Franklin appeals the sentence he received after pleading guilty to aggravated battery, a severity-level 7 felony, and criminal possession of a firearm, a severity-level 8 felony. The district court found Franklin to have a criminal-history score of F. The State and Franklin recommended probation at his sentencing, but the district court instead sentenced Franklin to 18 months' imprisonment for aggravated battery and 8 months' imprisonment for criminal possession of a firearm. The sentences were ordered to run consecutively. The district court ordered prison time rather than probation under K.S.A. 2018 Supp. 21-6604(f)(4), which allows a prison sentence for an offender who commits a new felony while on felony bond even when the new felony otherwise has a presumptive-probation sentence.

On appeal, Franklin argues that the district court: (1) abused its discretion when it sentenced Franklin to prison rather than probation; (2) abused its discretion when it imposed Franklin's prison sentences to run consecutively rather than concurrently; and (3) violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used Franklin's prior criminal history to increase his sentence without proving his criminal history to a jury beyond a reasonable doubt.

First, on the district court's decision to send Franklin to prison rather than put him on probation, we must consider K.S.A. 2018 Supp. 21-6604(f)(4), which applies when an offense is committed while an offender has been released on bond while charged with a felony. In that situation, K.S.A. 2018 Supp. 21-6604(f)(4) lets the court impose a prison sentence for the new conviction "even when the new crime of conviction otherwise presumes a nonprison sentence" without the new prison sentence constituting a departure. We therefore review the decision to sentence Franklin to prison rather than probation only for abuse of discretion. Abuse of discretion occurs when the district court makes an error of law or fact, or when judicial action is so "arbitrary, fanciful, or unreasonable" that no reasonable person could agree with the district court's decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Franklin doesn't claim the court based its decision on a legal or factual error. And because the district court's decision is supported by a special statutory rule, it's one that a reasonable person could agree with. As the Legislature has anticipated, it's reasonable to send someone to prison when—already charged with a felony—that person commits more felonies while on bond awaiting resolution of the pending charge. That's certainly the case here, in which Franklin committed an aggravated battery while released on bond.

Second, as for the district court's imposition of consecutive sentences, this court again reviews the sentences for abuse of discretion. Because the sentences made consecutive were presumptive sentences under the Kansas Sentencing Guidelines Act, we

appear to lack jurisdiction to consider the issue. See K.S.A. 2018 Supp. 21-6820(c)(1); *State v. Mosher*, 299 Kan. 1, 2-3, 319 P.3d 1253 (2014); *State v. Jacobs*, 293 Kan. 465, Syl. ¶ 3, 263 P.3d 790 (2011). But even if we had jurisdiction to consider the issue, we would find no error.

K.S.A. 2018 Supp. 21-6819(b) gives the sentencing judge the discretion to impose either concurrent or consecutive sentences. See *State v. Brune*, 307 Kan. 370, Syl., 409 P.3d 862 (2018). Because of the circumstances (the crimes were committed while on felony probation) and nature of the crimes (aggravated battery and criminal possession of a firearm), a reasonable person could agree that imposing consecutive sentences was appropriate. So the district court did not abuse its discretion in issuing consecutive, rather than concurrent, sentences.

Third, for the alleged *Apprendi* violation, *Apprendi* held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. But the Kansas Supreme Court has already considered this issue and confirmed that *Apprendi* does not keep the court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. See *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). So the district court did not violate Franklin's rights when it used his prior criminal history to apply the Kansas sentencing guidelines.

On Franklin's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After reviewing the record available to the sentencing court, we find no error in the sentence of imprisonment, in the imposition of consecutive sentences, or in the use of Franklin's criminal-history score to apply the sentencing guidelines.

3

We affirm the district court's judgment.