NOT DESIGNATED FOR PUBLICATION

Nos. 120,008
120,009

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON SIONE DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed November 1, 2019. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BRUNS, J., and WALKER, S.J.

PER CURIAM: Brandon Sione Davis appeals from his sentences in two related cases after he pled guilty to two counts of aggravated indecent liberties with a child under the age of 14 and one count of aggravated intimidation of a witness. Although the district court granted Davis' request for a downward durational departure, he contends that the district court abused its discretion in failing to grant him a more substantial departure and by imposing consecutive sentences. Finding no abuse of discretion by the district court, we affirm Davis' sentences.

1

This case arises out of the sexual assault of a 9-year-old girl and a 12-year-old girl. On November 21, 2016, the State charged Davis with two counts of aggravated indecent liberties with a child under the age of 14. On March 17, 2017, the State charged Davis with two counts of aggravated intimidation of a witness and two counts of violation of a protection order. The additional charges resulted from Davis' attempt to get the girls to change their accounts of the events that led to the original aggravated indecent liberties charges.

Subsequently, Davis entered into a plea agreement with the State in both cases. On June 21, 2018, he pled guilty to two counts of aggravated indecent liberties with a child under the age of 14 and one count of aggravated intimidation of a witness. In exchange for his plea, the State agreed to dismiss the remaining charges and to recommend a downward durational departure from a Jessica's Law sentence to the mid-number in the appropriate grid box in the sentencing guidelines for severity level 3 person felonies in the aggravated indecent liberties case. Moreover, the plea agreement provided that Davis was free to request a more substantial departure sentence if he chose to do so.

At the sentencing hearing held on August 3, 2018, the State asked the district court to follow the plea agreement while Davis asked the court for a downward durational departure to the sentencing grid for the two off-grid felony convictions. He also requested a further downward durational departure of half of the mid-number in the grid box for the primary off-grid felony conviction. Although the State asked for him to serve consecutive sentences, Davis did not request concurrent sentences nor did he argue against the State's request.

The district court found substantial and compelling reasons to depart from the Jessica's Law sentence based on the factors stated in the plea agreement. The district

court noted that these reasons included: the victims would not have to testify at trial, Davis' abandonment of a colorable defense to several of the charges, and the results of a psychological evaluation which showed Davis to be a low to moderate risk for reoffending. The district court then sentenced Davis to 94 months for the first count of aggravated indecent liberties with a child under the age of 14 and 59 months for the second count of aggravated indecent liberties with a child under the age of 14. The district court also imposed a sentence of 39 months for the conviction of aggravated intimidation of a witness and ordered that all of the sentences run consecutive to one another for a total term of 192 months' imprisonment.

Davis later filed timely notices of appeal in both cases and this court consolidated them for appeal. Although Davis originally requested summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47)—to which the State agreed—this court denied the motion for summary disposition. This was done so that the parties could address the extent of appellate jurisdiction over cases in which a district court has departed from an off-grid sentence to a grid-based sentence. Specifically, this court requested that the parties address the holdings in *State v. Looney*, 299 Kan. 903, Syl. ¶ 4, 327 P.3d 425 (2014); *State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011); and *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 1, 218 P.3d 432 (2009).

ANALYSIS

*Appellate Jurisdiction*

We will first address the issue of appellate jurisdiction. Whether jurisdiction exists is a question of law over which our review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Likewise, the interpretation of statutes is a question of law over which we have unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

3

At the outset, we note that K.S.A. 2018 Supp. 21-6627(d)(1) authorizes a district court to depart from the mandatory minimum sentence required under Jessica's Law where a district court "finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." Moreover, K.S.A. 2018 Supp. 21-6820(a) provides, in part:  "A departure sentence is subject to appeal by the defendant or the state." In *Looney*, after a panel of this court dismissed an appeal following the denial of a request for a downward dispositional departure in a Jessica's Law case for lack of jurisdiction, the Kansas Supreme Court granted review. In reversing the dismissal, our Supreme Court held that "*all* departure sentences are subject to appeal under K.S.A. 21-4721(a) [now K.S.A. 2018 Supp. 21-6820(a)] unless appellate jurisdiction is divested by a more specific provision." (Emphasis added.) 299 Kan. at 909.

Previously, the defendant in *Ballard* was granted a downward durational departure in a Jessica's Law case after the district court found mitigating circumstances to justify a departure to a grid-based sentence. However, the district court denied the defendant's request for a dispositional departure to probation. On appeal, the defendant argued that the district court erred in denying his request for probation. Although the State challenged the appellate jurisdiction to consider the issue, our Supreme Court held that when a defendant receives a downward durational departure sentence from an off-grid crime to a grid-based crime, the sentence imposed is subject to appeal under K.S.A. 21-4721(a). 289 Kan. at 1005-06.

In *Jacobs*, the defendant pled guilty to one off-grid crime and two severity level 3 crimes. The district court granted a departure to a grid sentence on the Jessica's Law crime and then ordered all three sentences run consecutive to one another. On appeal, the defendant argued that the district court erred by running his sentences consecutive rather than concurrent. However, our Supreme Court held that the sentences ultimately imposed following the downward durational departure were presumptive under the sentencing

4

guidelines and, as such, there was not appellate jurisdiction to consider the issue of whether consecutive sentences is an abuse of discretion. 293 Kan. at 466.

Based on the holdings in *Looney* and *Ballard*—as well as on the plain language of K.S.A. 2018 Supp. 21-6820(a)—we conclude that there is appellate jurisdiction in this case over the issue of whether the district court erred in failing to grant a more substantial downward durational departure. On the other hand, based on *Jacobs*, we conclude that we do not have appellate jurisdiction to review the district court's decision to impose consecutive presumptive grid sentences. We pause to note, however, that even if we did have jurisdiction over this issue, we do not find that the district court abused its discretion in imposing consecutive sentences under the circumstances presented in this case.

*Downward Durational Departure*

Davis contends that the district court should have granted him a more substantial downward durational departure than the one he received at sentencing. When the extent of a downward durational departure is challenged on appeal, we review the issue under an abuse of discretion standard. *Ballard*, 289 Kan. at 1009, see *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion—in this case Davis—bears the burden of showing such abuse. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Here, Davis has not pointed to any mistake of law or fact. Rather, he contends that "[i]n light of all the evidence of mitigation [he] presented, the district court erred in failing to grant a more substantial departure and by imposing consecutive sentences." Consequently, we may find an abuse of discretion only if the decision of the district court was so arbitrary, fanciful, or unreasonable that no other person would have reached a

similar decision on the issue. *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016).

At the sentencing hearing, defense counsel requested—as she had the right to do—a greater departure than the State had agreed to in the plea agreement. In particular, Davis' attorney stated:

> "We would ask the Court to depart durationally to the grid. And we would also ask the Court to further depart to half of the mid number in the grid box. That would still result in a sentence of approximately 76-and-a-half months for [the aggravated indecent liberties charges], which is still a lengthy prison sentence."

In support of his request, Davis asserted that he had shown remorse for his actions; his plea spared the victims from testifying; he had no "serious" criminal history prior to the present cases; he was an excellent candidate for reformation; and a psychological report found that he had a low risk of reoffending. Although the district court granted Davis a significant downward durational departure from the mandated Jessica's Law sentence by departing to the sentencing guidelines grid box, he argues that these factors supported an even greater departure. Yet Davis does not show how the district court's decision was arbitrary, fanciful, or unreasonable.

A review of the record reveals that the district court considered all of the mitigating factors presented and concluded that the factors stated in the plea agreement provided substantial and compelling reasons to depart from the Jessica's Law sentence to the sentencing guidelines grid box. Even so, the district court also concluded that "there are no other substantial and compelling reasons to depart further." In addition, the district court noted that it had considered the mitigating circumstances; the nature and circumstances of the case; the history, character, and condition of the defendant; public safety; and the seriousness of the crimes. Thus, we find no indication that the district court disregarded the mitigating factors.

Finally, we note that the charges in this case were very serious. Both of the victims were quite young at the time of the sexual assaults—one was 9 years old and the other was 12 years old. Although Davis may have shown remorse for his actions as he claimed at sentencing, he attempted to persuade the two young girls to change their accounts of the events after his actions had been discovered. Under Jessica's Law, Davis was facing a presumptive life sentence with a minimum of 25 years of imprisonment. Even so, the district court—after considering the mitigating factors—granted him a downward durational departure.

Even though the district court may not have granted Davis everything he had requested, we find that he received the benefit of his plea bargain and that the district court's decision was reasonable under the circumstances presented. As such, we find no abuse of discretion by the district court. Accordingly, we affirm Davis' sentences in each of the consolidated cases.

Affirmed.