NOT DESIGNATED FOR PUBLICATION

No. 120,995

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS C. GRIFFIN II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed January 24, 2020. Affirmed.

*David H. Matthews*, of Kansas City, for appellant.

*James Antwone Floyd*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Citing K.S.A. 22-2512, Thomas C. Griffin appeals the district court's denial of his motion to compel the State to produce a cashier's check in the amount of $1,700 that he asserts was seized from him upon his arrest in this criminal case. Following a hearing, the district court ruled that the State did not have the check in its possession and, as a result, denied the motion. Upon our review, we conclude the district court's finding that the State did not possess the check was supported by substantial competent evidence and, as a result, the denial of the motion under K.S.A. 22-2512 was not error. We affirm.

1

On October 17, 2017, Kansas City Police Department officers attempted to stop Griffin for a traffic violation when he refused to yield and fled the scene. When the police officers ultimately arrested Griffin, they completed an inventory report detailing the items found in the 2000 Chevrolet Cavalier and the vehicle was towed by All City Towing Company. Of note, the Cavalier was not registered to Griffin but to an individual named Juan Garcia.

In accordance with a plea agreement, Griffin subsequently pled guilty to possession of methamphetamine and eluding a police officer. In return, the State dismissed another drug charge. As part of the plea agreement, the State also promised it would return to Griffin $740 in cash and a cashier's check for $1,700 that was supposedly seized at the time of his arrest. The district court accepted the plea and sentenced Griffin to a total of 36 months in prison with a 12-month postrelease supervision term.

After sentencing, the district court issued two orders to the State to dispose of and release seized property pursuant to K.S.A. 22-2512(3). The State issued a check to Griffin's family for $740 that was in the State's possession at the time. Griffin then filed a motion to compel under K.S.A. 22-2512 to order the State to return the remaining property that had been in Griffin's possession or in the Cavalier. According to Griffin, this property included the Cavalier, cashier's check, chainsaw, radar detector, ski jacket, tool bag, backpack, and personal papers.

The district court held a hearing on the motion and heard from Griffin and Officer Orendac of the Kansas City Kansas Police Department. The hearing largely focused on the whereabouts of the cashier's check. Officer Orendac informed the district court of the police department's policies and procedures regarding seizing and impounding vehicles and their contents. According to Officer Orendac, there was no record that the check was

ever seized or logged into the property room. The prosecutor theorized the check may have been inside the Cavalier at the time it was sold by All City Towing prior to the district court's order releasing it from the police hold. No information was presented regarding the bank that issued the check or the circumstances regarding its issuance or possible later negotiation.

Griffin informed the district court that he saw the cashier's check in the arresting officer's hands upon booking. Griffin complained the plea agreement stated he would receive the check and the State did not "uphold their end of the deal."

The district judge denied Griffin's motion to compel seized property stating that "if the police don't show they have a cashier's check, there's nothing I can do about it. I mean, I can't—what happened to it when you saw it down in the jail booking . . . whenever, I don't know what happened." The district court suggested that Griffin's only recourse would be through All City Towing because the company sold the vehicle and nothing in the record indicated the police had taken the cashier's check into evidence. According to the district court, it could not return anything to Griffin that was not in the State's possession.

Griffin filed a timely notice of appeal.

ANALYSIS

On appeal, Griffin contends the State breached the plea agreement by failing to return the cashier's check. Griffin does not argue the failure to return any other items, only the check. Griffin requests this court either issue an order for the State to return the check or, alternatively, he should be allowed to withdraw his plea. In response, the State argues that Griffin did not properly preserve the breach of the plea agreement issue. The

State contends that Griffin may not attempt to withdraw his plea or reverse his conviction without first filing a motion to withdraw his plea.

In the district court, Griffin raised the issue that the State failed to return the cashier's check through a motion to compel pursuant to K.S.A. 22-2512. Although Griffin's motion stated that the plea agreement specifically provided for the return of the check and he expected the State to uphold its end of the bargain, both in the motion and during the hearing Griffin did not mention any intent to withdraw his plea. Moreover, the district court did not rule on any motion to withdraw plea.

To the extent that Griffin's appeal seeks a withdrawal of his plea, this issue fails. First, a defendant may not file a direct appeal from a guilty plea unless the defendant first files a motion to withdraw the plea and the district court denies it. *State v. Thorpe*, 36 Kan. App. 2d 475, 477, 141 P.3d 521 (2006). Griffin has not filed such a motion. Second, this issue was not preserved for our review. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (Issues not raised before the trial court may not be raised on appeal.). Although there are exceptions to this rule, Griffin has not claimed any. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (listing exceptions and requirements). Accordingly, Griffin's appellate issue pertaining to a plea withdrawal is not before us for review.

We next address the propriety of the district court's ruling based on Griffin's motion to compel the return of the cashier's check. At the outset, Griffin does not challenge the district court's findings of facts or conclusions of law regarding the motion. When no objection is made to a district court's findings of fact or conclusions of law on the basis of inadequacy, an appellate court may presume the district court found all facts necessary to support its judgment. *State v. Jones*, 306 Kan. 948, 959, 398 P.3d 856 (2017).

4

We find no error in the district court's legal ruling or the sufficiency of the facts in support of it. K.S.A. 2018 Supp. 22-2512(a) provides: "Property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same unless otherwise directed by the magistrate, and shall be so kept as long as necessary for the purpose of being produced as evidence on any trial." The statute also states, "unless otherwise provided by law, all other property shall be disposed of in such manner as the court in its sound discretion shall direct." K.S.A. 2018 Supp. 22-2512(c)(8).

Here, there was conflicting evidence regarding whether the cashier's check was ever seized. If seized, there was conflicting evidence whether it was in the possession of the police at the time of booking or whether it was in the vehicle that was later towed by All City Towing and sold. Regardless, it was uncontroverted that the district court had ordered the release of all property seized and, in keeping with that order, $740 in cash was returned to Griffin. Based on facts presented at the hearing, it was also uncontroverted that the cashier's check was not in the police property room, and there were no records indicating that it ever was received in the property room.

On this record, we are persuaded that at the time of the hearing the Kansas City Police Department did not have possession of the cashier's check, the property room never received the check, and the whereabouts of the check were unknown. As a result, the district court did not err in ruling that it could not compel the State to return the cashier's check for the simple reason that the State did not have it in its possession. See *United States v. Brown*, No. 04-CR-0158-SEH, 2007 WL 1087613, at *2 (N.D. Okla. 2007) (unpublished opinion) ("Whether or not the United States possessed the property at one time, the United States cannot return property that it does not actually possess.").

Affirmed.

5