NOT DESIGNATED FOR PUBLICATION

No. 123,865

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN A. HILDRETH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed September 17, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Jordan A. Hildreth appeals his sentences from the Riley County District Court. We granted Hildreth's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. St. Ct. R. 48). On appeal, Hildreth contends the district court abused its discretion when it ordered multiple felony convictions to be served consecutively. However, we do not have appellate jurisdiction to review Hildreth's felony sentences under K.S.A. 2020 Supp. 21-6820(c)(1). Hildreth also contends that the district court should have imposed lesser sentences for his misdemeanor convictions. Nevertheless, based on our review of the record on appeal, we conclude that the district court did not abuse its discretion when it imposed the statutory maximums for his misdemeanor sentences. Accordingly, we affirm in part and dismiss in part.

1

FACTS

After entering into a plea agreement with the State, Hildreth pled guilty to numerous offenses—including rape, aggravated kidnapping, battery of a law enforcement officer, and driving under the influence. Two of the convictions—battery of a law enforcement officer and DUI—were for misdemeanors. The other convictions were for felonies.

At sentencing, Hildreth apologized to the victims and the district court acknowledged that the apology was sincere. Ultimately, the district court followed the terms of the plea agreement and imposed a controlling prison sentence of 257 months. For each felony conviction, Hildreth received the presumptive sentence within the meaning of K.S.A. 2020 Supp. 21-6820(c). For each misdemeanor conviction, the district court imposed the maximum sentence.

ANALYSIS

On appeal, Hildreth first contends that the district court abused its discretion when it imposed consecutive felony sentences. But Hildreth candidly recognizes that K.S.A. 2020 Supp. 21-6820(c) provides that appellate courts may not review a presumptive felony sentence or any sentence resulting from a plea agreement that is approved by the district court on the record. K.S.A. 2020 Supp. 21-6820(c) (1), (2). As the Kansas Supreme Court recently reiterated, the "Legislature did not intend to grant appellate courts jurisdiction to hear appeals on grounds other than those specified in K.S.A. 2020 Supp. 21-6820." *State v. Young*, 313 Kan. 724, 740, 490 P.3d 1183 (2021). Because it is undisputed that the district court imposed the presumptive sentences for Hildreth's felony convictions, we do not have jurisdiction over this issue. See *State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011).

Next, Hildreth contends that the district court abused its discretion in not imposing a lesser sentence for his misdemeanor convictions. A district court abuses its discretion if its decision is unreasonable, based on an error of law, or based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Hildreth bears the burden of showing the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2020 Supp. 21-6602(a) sets the statutory maximums for class A and B misdemeanor sentences. Because battery on a law enforcement officer is a class A misdemeanor, the district court was authorized to impose a jail sentence not exceeding 12 months. See K.S.A. 2020 Supp. 21-5413(g)(3)(A); K.S.A. 2020 Supp. 21-6602(a)(1). Likewise, because a first DUI conviction is a class B misdemeanor, the district court was authorized to impose a jail sentence not exceeding six months. See K.S.A. 2020 Supp. 8-1567(b)(1)(A). Thus, the district court did not commit an error of law or fact in imposing the statutory maximums for each of Hildreth's misdemeanor convictions. See *State v. McCloud*, 257 Kan. 1, 9, 891 P.2d 324 (1995).

Even so, Hildreth argues that the district court abused its discretion by imposing the maximum sentences because he apologized to the victims at the sentencing hearing. As indicated above, the district court acknowledged Hildreth's apology and noted that it believed the apology was sincere. Nevertheless, an apology alone does not establish that the sentences were unreasonable nor does it establish that the district court was being vindictive. See *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). Based on our review of the record, we do not find that the district court acted unreasonably. Thus, because Hildreth has failed to show that the district abused its discretion, we affirm his misdemeanor sentences.

Affirmed in part and dismissed in part.