NOT DESIGNATED FOR PUBLICATION

No. 124,503

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAYWARD MCKOY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed June 24, 2022. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and COBLE, JJ.

PER CURIAM: Hayward McKoy appeals the sentence imposed by the district court. We granted McKoy's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record and finding no error, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL HISTORY

In September 2021, McKoy pled no contest to attempted aggravated burglary of a dwelling and two counts of stalking, committed in January 2021. In October 2021, the district court found that McKoy had a criminal history score of E and sentenced him to 30

1

months' imprisonment. When McKoy committed the crimes in this case, he was on postrelease on a separate case. The district court ordered his sentence in this case to be served consecutive to any sentence in his other case.

ANALYSIS

McKoy raises two arguments on appeal. First, he argues that the district court erred when it determined that his criminal history score was an E without requiring the State to prove his criminal history score to a jury. Second, he argues that the district court erred in running the sentence consecutive to his previous case.

As to McKoy's first argument, this issue has already been decided by the Kansas Supreme Court in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002). In *Ivory*, the Kansas Supreme Court made it clear that the use of criminal history to calculate the presumptive sentence does not violate due process as interpreted by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We are duty-bound to follow Kansas Supreme Court precedent. Accordingly, McKoy's first argument fails.

As to McKoy's second argument, because imposing consecutive presumptive sentences under the Kansas Sentencing Guidelines Act does not constitute a sentencing departure, appellate courts lack jurisdiction to consider an argument that imposing consecutive presumptive sentences is an abuse of discretion. *State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011). Thus, we must dismiss McKoy's second argument for lack of jurisdiction.

Affirmed in part and dismissed in part.