(153 P.3d 566)

Nos. 95,155
95,156
95,157

STATE OF KANSAS, *Appellee,* v. GARY WILLIAMS, *Appellant.*

Opinion filed March 16, 2007.

*Carl F.A. Maughan,* of Maughan Hitchcock LC, of Wichita, for appellant.

*Michael J. Nichols,* legal intern, *Kristi L. Barton,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before GREEN, P.J., ELLIOTT and MALONE, JJ.

GREEN, J.: Gary Williams appeals from the trial court's judgment accepting his guilty plea and from the trial court's judgment denying his dispositional and durational departure motion. Before we

address the merits of this case, we must first determine if we have jurisdiction. The question posed by this criminal appeal is a recurring one: Does this court have jurisdiction to consider a direct appeal from a guilty plea when the defendant has failed to move to withdraw his or her plea? Our answer is no. Accordingly, we dismiss this appeal.

On August 9, 2004, Williams pled guilty to two felony counts of burglary in violation of K.S.A. 21-3715(a), four felony counts of burglary in violation of K.S.A. 21-3715(c), two counts of battery on a law enforcement officer in violation of K.S.A. 2006 Supp. 21-3413(a)(1) (misdemeanors), three felony counts of theft in violation of K.S.A. 21-3701(a)(1) and (b)(2), two counts of theft in violation of K.S.A. 2006 Supp. 21-3701(a)(1) and (b)(4) (misdemeanors), and one felony count of possession of methamphetamine in violation of K.S.A. 2006 Supp. 65-4160(a).

Paragraph 2 of Williams' plea agreement contained the State's sentencing recommendation:

"Contingent upon a successful plea of guilty as charged in 04CR183, 04CR591, 04CR903, 04CR905, 04CR1085 and 04CR1086 the State will recommend that the Court impose the mid number on each Count in each case and that the Counts run internally concurrent within each case. Further, the State will agree to Consolidate for sentencing, 04CR591, 04CR903, 04CR905 and 04CR1086. The State will recommend that 04CR183, 04CR1085 and the consolidated cases (04CR591, 04CR903, 04CR905 and 04CR1086) run consecutive to one another. The State will ask the Court follow the presumption of prison. The defendant is free to argue for any alternative disposition."

In September 2003, Williams moved for dispositional and durational departures claiming 25 substantial and compelling reasons supporting departure. The sentencing court found Williams guilty of the charged offenses and denied his dispositional departure motion, holding that there were not substantial and compelling reasons to depart from the sentencing guidelines. The court withheld judgment on Williams' durational departure motion and ordered a psychological evaluation. After reviewing the psychologist's report and briefs by counsel, as well as hearing counsel's arguments, the sentencing court denied Williams' durational departure motion. Following the plea agreement, the court sentenced Williams to a

total of 98 months' imprisonment. Each of Williams' sentences was within the presumptive sentencing ranges for the crimes charged under the Kansas Sentencing Guidelines.

*Does this Court Have Jurisdiction to Review Williams' Guilty Plea?*

Williams maintains that the trial court's reading of the charges as listed in the complaint was insufficient to establish a factual basis for his guilty plea as required by K.S.A. 2006 Supp. 22-3210(a)(4). Williams argues that there was no evidence presented to establish whether he intentionally and knowingly possessed methamphetamine or whether his intoxication prevented him from specifically intending to commit burglary and theft.

Nevertheless, the right to an appeal is purely statutory and is not contained in either the federal or Kansas Constitutions. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken as prescribed by statute. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004). An appellate court has a duty to question jurisdiction on its own initiative. If the record shows there is no jurisdiction for an appeal, the appeal must be dismissed. *State v. Wendler*, 280 Kan. 753, 755, 126 P.3d 1124 (2006). Whether jurisdiction exists is a question of law subject to unlimited appellate review. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006).

*The Plea*

K.S.A. 2006 Supp. 22-3602(a) provides in relevant part:

"No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."

Although this statute appears to prohibit any appeal from a plea, our Supreme Court has held that K.S.A. 2006 Supp. 22-3210(d) gives the trial court some discretion to vacate the judgment and withdraw the plea. The court may set aside a conviction before sentencing for good cause shown or after sentencing to prevent manifest injustice. K.S.A. 2006 Supp. 22-3210(d); see *State v. Solomon*, 257 Kan. 212, 217-19, 891 P.2d 407 (1995). If the trial court

denies this motion, the defendant may appeal the denial to the appellate courts despite K.S.A. 2006 Supp. 22-3602(a). The proper procedure for challenging the sufficiency of the factual basis for a plea is to file a motion to withdraw plea in the district court. 257 Kan. at 218-19; see *State v. Thorpe*, 36 Kan. App. 2d 475, 141 P.3d 521, *rev. denied* 282 Kan. ___ (2006).

In *Thorpe*, Thorpe pled guilty to one count of involuntary manslaughter and two counts of aggravated battery. Thorpe appealed his convictions and his sentences. This court dismissed the appeal, holding that it did not have jurisdiction because Thorpe had pled guilty and had failed to move to withdraw his guilty plea. The *Thorpe* court further held that "[a] defendant may not file a direct appeal from a guilty plea unless the defendant first files a motion to withdraw the plea and the trial court denies the motion." 36 Kan. App. 2d at 477.

As in *Thorpe*, Williams did not move to withdraw his plea. Because Williams did not move to withdraw his plea in the trial court, this court lacks jurisdiction to review Williams' guilty plea.

*Does the Court Have Jurisdiction to Review the Trial Court's Denial of Williams' Dispositional and Durational Departure Motion?*

Williams also argues that the trial court abused its discretion by denying his motion for a downward durational and dispositional sentencing departure. Williams asserts that despite the language in K.S.A. 21-4721(c)(1), he may appeal his presumptive sentence because the plain language of the statute does not preclude an appeal from the denial of a departure motion where the court imposed the presumptive sentence. Because Williams' assertion is inconsistent with our Supreme Court's interpretation of K.S.A. 21-4721, his argument is without merit.

K.S.A. 21-4721(c) provides that an appellate court shall not review on appeal a sentence for a felony conviction that (1) is within the presumptive guidelines sentence for the crime, or (2) is the result of a plea agreement between the State and the defendant which the trial court approved on the record. When a trial court imposes a sentence within the presumptive guidelines for that crime, an appellate court lacks jurisdiction to consider an appeal

even when a trial court denies a motion for departure. K.S.A. 21-4721(c); *State v. Flores*, 268 Kan. 657, 659-60, 999 P.2d 919 (2000).

Here, Williams received the presumptive sentences for the felony convictions to which he pled guilty. Moreover, the court followed the State's recommendation and imposed 98 months' imprisonment. Because the sentencing court followed the plea agreement and imposed the presumptive sentences, this court is without jurisdiction to consider whether the trial court abused its discretion by denying Williams' departure motion.

Appeal dismissed.