NOT DESIGNATED FOR PUBLICATION

No. 114,628

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY R. TROLLOPE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Opinion filed July 1, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*:  Anthony R. Trollope appeals his sentence for two counts of manufacture of methamphetamine. He filed a motion for summary disposition of his appeal pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), which we granted.

Trollope's guilty pleas were the product of a plea agreement in which the State agreed (1) to join Trollope's motion for a downward departure to 120 months in prison, and (2) to not file additional charges arising from its investigation. The court accepted Trollope's pleas, but before sentencing Trollope advised the court that he wanted to withdraw his pleas. To induce Trollope not to pursue such a motion, the State offered to amend the plea agreement by providing that the State would recommend a downward departure sentence of 108 months rather than the 120 months in the original agreement.

1

Trollope accepted the State's offer and moved for a departure sentence of 108 months, which the district court granted.

On appeal, Trollope contends the district court erred in sentencing him, but he provides no supporting argument. Further, he acknowledges that we lack jurisdiction to review a felony sentence resulting from a plea agreement between the State and a defendant which the district court has approved on the record. See K.S.A. 2015 Supp. 21-6820(c)(2); *State v. Williams*, 37 Kan. App. 2d 404, 407-08, 153 P.3d 566, *rev. denied* 284 Kan. 951 (2007). Accordingly, we lack jurisdiction to review this issue and must dismiss it.

Trollope also claims the district court used his criminal history to calculate his prison term without proving his criminal history to a jury, in violation of his rights as expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Trollope's *Apprendi* argument was rejected by the Kansas Supreme Court in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We must adhere to Kansas Supreme Court precedent absent some indication that the court is departing from its precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. __ (September 14, 2015). We see no such indication. Our Supreme Court has consistently upheld its reasoning in *Ivory*. See, *e.g.*, *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013). Accordingly, we follow the holding in *Ivory* and these later cases.

Affirmed in part and dismissed in part.