NOT DESIGNATED FOR PUBLICATION

Nos. 118,771
118,789

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS H. CANTRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 10, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Travis Cantrell appeals the district court's denial of his request for a lesser prison sentence following the revocation of his probation. He contends that the district court abused its discretion by ordering him to serve his total underlying prison term rather than a reduced sentence. But Cantrell admitted to the district court that he committed new crimes while on probation, and that gave the district court the discretion to impose Cantrell's underlying sentence. We find no abuse of discretion in the district court's decision to do so.

Cantrell's criminal activities in 2009 resulted in two separate criminal cases against him in Sedgwick County. In case No. 09CR744, Cantrell was charged with

possession of methamphetamine, theft, and attempted robbery—all felony offenses—and criminal use of a weapon, a misdemeanor. In case No. 09CR781, Cantrell was charged with felony fleeing or attempting to elude a police officer. Cantrell pleaded guilty to all charges in both cases.

Although Cantrell faced a presumptive prison sentence, the district court sentenced Cantrell to probation for 18 months so that he could get drug treatment. Cantrell received an underlying sentence of 48 months in prison for his convictions in case No. 09CR744, to be served consecutively (back to back) with an 11-month prison sentence for case No. 09CR781 that he would have to serve if he did not successfully complete probation.

Ten days after Cantrell was released on probation, he was taken into custody in Colorado. Cantrell was incarcerated in Colorado until February 2015, then returned to Kansas to serve his 18-month probation term. Four months later, the State alleged in an arrest warrant that Cantrell had committed several new crimes while on probation: interference with a law enforcement officer; criminal possession of a firearm; distribution of opiates; possession of hallucinogenic drugs; possession of drug paraphernalia; no drug-tax stamp for marijuana; criminal carrying of weapons; and fleeing or attempting to elude a police officer.

At a probation-revocation hearing, Cantrell admitted to all violations. Cantrell did not ask the court to put him back on probation but argued that he should receive less time in prison than his underlying 59-month sentence. In support, Cantrell told the court that he was raised without a father and in a home with few resources. He got into drugs and entered the juvenile-justice system when he was only 12 years old. Cantrell acknowledged that he needed to get sober and that it was time for him to spend a bit of time in prison—just not the full 59 months. The court denied Cantrell's request for a lesser sentence and imposed the original 59-month sentence.

On appeal, Cantrell claims that the district court abused its discretion by ordering him to serve his full underlying sentence rather than a shorter sentence as he requested.

Under K.S.A. 2017 Supp. 22-3716(c)(1)(E), the district court may impose the underlying sentence, or any lesser sentence, upon revoking a defendant's probation. This court reviews the district court's decision to deny a defendant's request for a lesser sentence upon the revocation of probation only for an abuse of discretion. *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. The district court acknowledged Cantrell's upbringing and "tr[ied] to motivate [him] on probation." But Cantrell didn't take advantage of his second chance. Instead, he committed eight new crimes while on probation. These new crimes were significant; a reasonable person could agree with the district court's decision to impose the original sentences, not shorter ones.

On Cantrell's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to impose Cantrell's underlying prison sentence.

We affirm the district court's judgment.

\* \* \*

POWELL, J., concurring:  While I agree with the majority that the district court did not abuse its discretion in denying Cantrell's request for a lesser sentence, I write

separately to express my view that we lack the jurisdiction to decide this question. It is fundamental that the right to appeal is entirely statutory and that we only exercise appellate jurisdiction where provided by law. See Kan. Const. art. 3, § 3; *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). K.S.A. 2017 Supp. 21-6820(c)(1) clearly and unequivocally states that an "appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime." As it is undisputed that Cantrell received a presumptive sentence, we lack the power to review it.

As authority for its power to review Cantrell's appeal, the majority cites to *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). There, a panel of our court held that appellate jurisdiction exists over a defendant's challenge to the district court's refusal to impose a lesser sentence after a probation revocation. 54 Kan. App. 2d 644, Syl. ¶ 2; see also K.S.A. 2017 Supp. 22-3716(c)(1)(E) (upon finding defendant violated probation terms district court may order defendant to serve sentence imposed or any lesser sentence). The *Reeves* panel relied on two rationales to support its appellate jurisdiction theory:  (1) An appeal of a district court's refusal to impose a lesser sentence is not an appeal of the sentence but is an appeal of the denial of the request for a lesser sentence; and (2) a district court's denial of a request for sentence modification is appealable as a final order just like the order to revoke probation. 54 Kan. App. 2d at 647.

Respectfully, these rationales are contradicted by our Supreme Court's holding that "[m]erely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence." *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011). Just as we lack jurisdiction to consider an appeal from the denial of a sentence departure motion because it results in a presumptive sentence, we also lack the jurisdiction to consider an appeal from the denial of a motion to request a lesser sentence after probation revocation because the result is a presumptive sentence. See *State v. Weekes*, No. 115,739, 2017 WL 840280, at *2 (Kan. App. 2017)

4

(unpublished opinion) (no appellate jurisdiction over denial of request for lesser sentence where result is presumptive sentence), *rev. granted* 306 Kan. 1331 (2017); *State v. Everett*, No. 111,168, 2015 WL 4366445, at *1 (Kan. App. 2015) (unpublished opinion) (same). Moreover, the fact that a probation revocation is a final appealable order is immaterial because the imposition of a sentence is also a final appealable order and yet that fact does not grant appellate jurisdiction over an appeal from the denial of a sentence departure motion. See *State v. Williams*, 37 Kan. App. 2d 404, 407-08, 153 P.3d 566 (where district court imposes presumptive sentence, appellate jurisdiction lacking over appeal of denial of motion for departure), *rev. denied* 284 Kan. 951 (2007). See generally *State v. Moncla*, 301 Kan. 549, 554, 343 P.3d 1161 (2015) (sentence a final judgment).

Finally, as a practical matter, allowing defendants to appeal the denial of their motions for lesser sentences merely creates needless appeals as I cannot conjure up any set of facts under which a district court's denial of a motion for a lesser sentence could be an abuse of discretion where the defendant was sentenced to a presumptive sentence and had that sentence imposed after failing at probation. I would dismiss Cantrell's appeal.