NOT DESIGNATED FOR PUBLICATION

No. 120,163

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSIAH R. BUNYARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed March 20, 2020. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: Josiah R. Bunyard seeks to appeal his convictions in two cases consolidated for trial, claiming that the trial court erred by denying his motion to dismiss the charges based on a plea agreement reached in an unrelated case. Nevertheless, Bunyard's convictions resulted from a guilty plea. Finding that we lack jurisdiction over an appeal from Bunyard's convictions resulting from a guilty plea, we dismiss this appeal.

In October 2013, in Sedgwick County case No. 13CR2736, the State charged Bunyard with two counts of aggravated battery, based on allegations that he choked and broke J.W.'s jaw, his then girlfriend. After he was arrested, the trial court entered a

1

protective order prohibiting contact with J.W. Less than a month later, Bunyard allegedly sent a letter to a mutual friend for the purpose of passing it on to J.W. So, the State filed additional charges for violation of a protective order and intimidation of a witness in Sedgwick County case No. 13CR3488. These cases were consolidated for trial and ultimately a jury convicted Bunyard on counts of aggravated battery, battery, attempted violation of a protective order, and intimidation of a witness. Bunyard appealed and our Supreme Court later reversed all the convictions in February 2018. *State v. Bunyard*, 307 Kan. 463, 410 P.3d 902 (2018).

In September 2015, Bunyard pleaded guilty to possession of methamphetamine in Sedgwick County case No. 13CR1113. In exchange for his plea, the terms of the agreement provided:

"State agrees not to pursue additional charges as follows:
- Any other crime purportedly shown on the video system, computers, and phones seized in the current case.
- Any crime related to statements given to law enforcement by [J.W.].
- Any crime related to WPD case number 13C026971 (threat against Detective Goward).
- Any crime related to Sedgwick County case 13CR2680, which was previously dismissed without prejudice.
- Any crime related to Sedgwick County Sheriff case numbers 13s9897 (bank card found at home of Berniece Klein), 13s9669 (meth and drugs seized on 10/1/13), 13s9936 (theft or embezzlement of funds belonging to Berniece Klein, and theft of prescription drugs from Ms. Klein), 13sl0059 (drugs, guns, and electronics seized on 10/11/13), and 13s10221 (improper use of credit card from Berniece Klein).

"The prosecution has made a good faith effort to find all open investigations involving defendant. The intent is to finally resolve all remaining criminal matters that are known to the prosecution. The listed cases above include all cases known to the prosecution involving the defendant. Any unanticipated new case, unrelated to the above mentioned cases and unknown to the prosecution at the time this plea is entered, is not covered in this agreement."

On June 5, 2018—about six months after our Supreme Court reversed Bunyard's convictions—he filed identical pro se motions to dismiss the charges in both 13CR2736 and 13CR3488 under the terms of the plea agreement in 13CR1113.

On June 28, 2018, Bunyard agreed to enter a plea in both 13CR2736 and 13CR3488. In 13CR2736, he pleaded guilty "pursuant to Alford/Brady" to amended charges of aggravated battery and aggravated assault, both severity level 7 person felonies. In 13CR3488, the journal entry reflected that he pleaded nolo contendere—with "Alford/Brady" written next to the checkbox—to amended charges of attempted violation of a protective order, a class A misdemeanor, and intimidation of a witness or victim, a class B misdemeanor. The plea agreement also provided: "As a condition of this negotiated resolution, and as recognized in [*State v. Patton*, 287 Kan. 200, 195 P.3d 753 (2008)], the Defendant agrees to waive his right to appeal and collaterally attack the conviction, sentence or terms of this plea agreement in 13CR2736 & 13CR3488."

At the plea hearing, the trial court began by telling Bunyard of his rights in both cases. At one point, the following exchange occurred:

"THE COURT: Mr. Bunyard, this is the bottom line, by entering a plea today, there will be no trial, you'll be admitting the charge is true, you'll be giving up all defenses, you'll be giving up your right to appeal this case, except for the sentencing portion, and I'll find you guilty just as if we had a trial before a jury, where they had found you guilty. You understand that?

"THE DEFENDANT: The only caveat being I'm not admitting guilt, but I understand the effect is a guilty.

"THE COURT: You understand that based on the Alford plea, guilty based on Alford, you'd be found guilty?

"THE DEFENDANT: I understand I'd be found guilty."

At Bunyard's request, the court accepted his plea in 13CR3488 first, found him guilty of both offenses, and sentenced him to a controlling 12-month jail sentence that

3

would run concurrent to any sentence in 13CR2736 but consecutive to 13CR1113. The court then accepted Bunyard's plea in 13CR2736 and found him guilty of the charged offenses but deferred sentencing him in that case.

On July 24, 2018, Bunyard's defense counsel moved to dismiss the charges in both 13CR2736 and 13CR1113, repeating the arguments as in Bunyard's pro se motion.

In a written response, the State asserted that the motion was "without merit and . . . submitted in violation of the defendant's plea agreement." The State argued the charges in 13CR2736 and 13CR3488 predated the plea agreement in 13CR1113, and that Bunyard "'waive[d] his right to appeal and collaterally attack the conviction, sentence or terms of this plea agreement [in the consolidated case].'"

Bunyard responded, maintaining that the State was ignoring the plain language of the plea agreement in 13CR1113 and could not continue to "'pursue' these 'additional' charges" because "regardless of when [the charges in the consolidated case] were originally filed, [they] are now (and were then) in fact 'additional' to those in case no. 13CR1113." He also argued the State mischaracterized the motion to dismiss as an appeal or a collateral attack, asserting "[i]t is neither."

At the sentencing for 13CR2736, the trial court summarily denied the motion to dismiss. As to sentencing, the court imposed a 29-month prison sentence on the aggravated battery charge and a 12-month prison sentence on the aggravated assault charge, running the counts consecutively for a controlling sentence of 41 months. The court also ran the charges concurrent to the sentence in 13CR3488 but consecutive to the sentence in 13CR1113. The court told Bunyard he had the right to appeal within 14 days and also told him that he should discuss appeal matters with his defense counsel. Bunyard timely appealed.

4

On appeal, Bunyard contends that he is challenging only the trial court's denial of his motion to dismiss and "'not collaterally attacking his conviction.'" He further contends that he is not challenging the terms of his plea agreement in 13CR2736 and 13CR3488.

After the parties filed their briefs, this court issued a show cause order, directing Bunyard to explain why his appeal should not be summarily dismissed for lack of appellate jurisdiction.

In *State v. Williams*, 37 Kan. App. 2d 404, 406, 153 P.3d 566 (2007), another panel of this court noted:

> "[T]he right to an appeal is purely statutory and is not contained in either the federal or Kansas Constitutions. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken as prescribed by statute. *State v. Legero,* 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004). An appellate court has a duty to question jurisdiction on its own initiative. If the record shows there is no jurisdiction for an appeal, the appeal must be dismissed. *State v. Wendler,* 280 Kan. 753, 755, 126 P.3d 1124 (2006). Whether jurisdiction exists is a question of law subject to unlimited appellate review. *Foster v. Kansas Dept. of Revenue,* 281 Kan. 368, 369, 130 P.3d 560 (2006)."

Our Supreme Court recently reaffirmed that appellate courts in Kansas lack jurisdiction to review a defendant's conviction from a plea of guilty or nolo contendere unless the defendant first moves to withdraw the plea and the trial court denies the motion. See *State v. Smith*, 311 Kan. 1169, 456 P.3d 1004, 1009-10 (2020). Indeed, K.S.A. 2019 Supp. 22-3602(a) reads as follows:

> "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto."

This broad jurisdictional bar applies to any defects or irregularities occurring in the previous proceedings in the trial court, including constitutional ones. *Smith*, 456 P.3d at 1012 (declining to extend federal caselaw governing federal appellate jurisdiction because of the "explicit statutory rule prohibiting appellate review of a conviction when a defendant pleads guilty"); see *State v. Edgar*, 281 Kan. 30, 39, 127 P.3d 986 (2006) ("'This is so even though the defects may reach constitutional dimensions.'") (quoting *State v. Melton*, 207 Kan. 700, 713, 486 P.2d 1361 [1971]).

But K.S.A. 2019 Supp. 22-3602(a) does not preclude a defendant from taking a direct appeal from the trial court's denial of a motion to withdraw the plea. *State v. Solomon*, 257 Kan. 212, 218-19, 891 P.2d 407 (1995). Bunyard never filed a motion to withdraw plea. Whether he still has time to file a motion to withdraw his guilty plea is controlled by K.S.A. 2019 Supp. 22-3210(e) and that issue is not before us in this appeal.

By pleading guilty to the charges in 13CR2736 and 13CR3488, Bunyard waived any defenses and the right to appeal his convictions. See *Edgar*, 281 Kan. at 39. The record establishes that Bunyard clearly understood that he was waiving the right to appeal his convictions, but he agreed to plead guilty anyway.

Nonetheless, Bunyard argues in his response to the show cause order that K.S.A. 2019 Supp. 22-3208(4) gives this court jurisdiction over his denied motion to dismiss the charges. He contends that K.S.A. 2019 Supp. 22-3208(4) conflicts with K.S.A. 2019 Supp. 22-3602(a) because it explicitly allows a defendant to file a motion to dismiss "at any time prior to arraignment or within 21 days after the plea is entered." K.S.A. 2019 Supp. 22-3208(4). This argument is unpersuasive.

First, the 21-day period to file a motion to dismiss under K.S.A. 2019 Supp. 22-3208(4) is triggered by "the plea," but not specifically *a guilty plea*. A plain reading of this provision suggests that Bunyard had until November 12, 2013—i.e., 21 days after he waived a formal arraignment and entered a not guilty plea in this case—to file a timely

motion to dismiss. Even considering the substantial amount of time devoted to pursuing his direct appeal, Bunyard still waited nearly six months to file his pro se motion to dismiss after our Supreme Court reversed his convictions in February 2018. See *Bunyard*, 307 Kan. at 463. In addition, even if we adopt Bunyard's interpretation of K.S.A. 2019 Supp. 22-3208(4), his counselled motion to dismiss was filed 26 days after entering the plea in this case. Thus, his motion was beyond the 21-day period to timely move to dismiss under K.S.A. 2019 Supp. 22-3208(4).

Second, given the correct interpretation of K.S.A. 2019 Supp. 22-3208(4), this statute clearly does not conflict with K.S.A. 2019 Supp. 22-3602(a). Rather, when we look to the rest of the language in the statute, it becomes clear that Bunyard waived his right to attack his convictions on appeal after entering a guilty plea. Under K.S.A. 2019 Supp. 22-3208(2), "[a]ny defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." Under subsection (3), "[f]ailure to present any such defense or objection as herein provided constitutes a waiver thereof." K.S.A. 2019 Supp. 22-3208(3). Generally requiring defenses and objections to be made before trial is essentially the same as disallowing an appeal from a conviction after a plea of guilty or nolo contendere under K.S.A. 2019 Supp. 22-3602(a).

By entering a guilty plea, Bunyard waived the right to appeal his convictions. Because he never sought to withdraw his guilty plea in the trial court, he is jurisdictionally barred from appealing those convictions.

Appeal dismissed.