NOT DESIGNATED FOR PUBLICATION

No. 123,261

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SERVANDO LARA-BACA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed November 19, 2021. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., WARNER and ISHERWOOD, JJ.


PER CURIAM: Servando Lara-Baca pled no contest to three counts of rape and the district court sentenced him to 310 months in prison. About five months after sentencing, he moved to withdraw his plea and the motion was denied following an evidentiary hearing. Lara-Baca now appeals the district court's decision. The issues Lara-Baca raises for us to resolve are distinctly different from those he presented to the trial court in support of his motion. That disparity places them outside the scope of our review. Based on our review of the record, the district court's denial of his postsentencing motion to withdraw plea is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Servando Lara-Baca with multiple sex offenses perpetrated against multiple child victims, and he ultimately opted to enter a plea to three counts of rape. The plea petition outlined a defendant's intent to plead "Guilty," but Lara-Baca's counsel inserted that his client intended to "[p]lead *no contest* to 3 counts of a level 1 felony, rape." (Emphasis added.) Lara-Baca signed the petition, his counsel certified it, and the district court accepted it.

The court conducted a plea hearing and, following an extensive plea colloquy, the court inquired of Lara-Baca, through an interpreter, "So with everything in mind, Mr. Lara-Baca, are you entering a plea of *guilty* today to count one, two and three which charge rape, severity level 1 person felony? Are you entering that plea here today?" (Emphasis added.) Lara-Baca responded in the affirmative and his counsel did not object to the district court's classification of the plea as "guilty." The court found Lara-Baca's plea was knowingly and voluntarily entered.

The case proceeded to sentencing, at which time the district court remarked, "At the time of the plea it was [pled ]*no contest* to three counts of level 1 felony . . . ." (Emphasis added.) The court overruled Lara-Baca's request for a dispositional departure and sentenced him to 310 months in prison. Following sentencing, the parties completed, and the court signed, a journal entry which reflected Lara-Baca pled no contest to the three charges.

Several months later, Lara-Baca moved to withdraw his plea and cited multiple grounds for why his plea was involuntary:  (1) The district court failed to verify that the accusations matched the elements of the charged crime; (2) he did not understand that by entering a plea he was admitting that the elements of the charged offense were satisfied; (3) defense counsel failed to thoroughly investigate the alleged crimes; (4) counsel

coerced and misled him into pleading to charges for which he was innocent; (5) defense counsel coerced him into accepting a plea that lacked a factual foundation; (6) his attorney coerced him into agreeing to the plea by promising to secure either probation for him or at least a shorter sentence than that in the corresponding grid box for his crimes; and (7) his attorney fees were excessive.

The district court held an evidentiary hearing to resolve the matter and appointed counsel to assist Lara-Baca. Trial counsel for Lara-Baca testified and insisted he thoroughly investigated the charges. He also explained that he believed a plea was necessary to open the door for the possibility of probation given the severity level of the crimes and the compelling nature of their evidentiary foundation. But he denied that he ever promised Lara-Baca that a reduced sentence was a guarantee. Lara-Baca testified that counsel failed to adequately explain either the significance of the plea or the extent of the sentence he faced. Additionally, Lara-Baca reiterated his aggravation over the fee his counsel charged.

The district court denied Lara-Baca's motion to withdraw his plea and Lara-Baca now brings the matter before us to resolve.

ANALYSIS

DID THE DISTRICT COURT ERR WHEN IT DENIED LARA-BACA'S POSTSENTENCE MOTION TO WITHDRAW PLEA?

Lara-Baca contends, for the first time on appeal, that his plea was involuntary because "the intention of all parties was that he enter a plea of no contest, but, instead, he pled guilty to the charges." He directs our attention to the plea hearing transcript, where the district court described the plea as "guilty" instead of "no contest." Lara-Baca claims this isolated misstatement renders his plea invalid because it altered the terms of the deal to which he agreed. He also raises a second issue, which dovetails with the first, that

counsel rendered deficient representation when he failed to object to the district court's misstatement about the plea.

To resolve Lara-Baca's appeal, we must first look at K.S.A. 22-3602(a) and K.S.A. 2020 Supp. 22-3210(d). Following an examination of those provisions, we will review the procedural history of Lara-Baca's case to determine whether his claims are properly before us. Finally, because we find these claims are not properly preserved, we also analyze whether any of the three designated exceptions to the preservation requirement are applicable to his case.

Before sentencing, a person may withdraw a guilty plea by establishing good cause for his or her request. K.S.A. 2020 Supp. 22-3210(d)(1). But after sentencing, such as was the case here, an elevated standard applies, the person wishing to withdraw a plea must show manifest injustice would result if the plea remained in place. K.S.A. 2020 Supp. 22-3210(d)(2). In either event, the person seeking to withdraw a plea bears the burden of persuading the court that he or she is entitled to relief. *State v. Adams*, 311 Kan. 569, 574, 465 P.3d 176 (2020).

An appellate court reviews a district court's dismissal of such a postsentence motion for an abuse of discretion. *State v. Szczygiel*, 294 Kan. 642, 643, 279 P.3d 700 (2012) (denial of motion to withdraw plea reviewed for abuse of discretion). Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, in that no reasonable person would take the view adopted by the trial court; (2) based on an error of law, i.e., the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 (2012). The movant bears the burden to prove the district court abused its discretion in dismissing the motion. *State v. Bricker*, 292 Kan.

4

239, 244, 252 P.3d 118 (2011) (movant's burden to prove abuse of discretion in denial of motion to withdraw plea).

When a defendant alleges a claim of ineffective assistance of trial counsel, Kansas courts review what are commonly referred to as the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors are "'benchmarks for judicial discretion,'" but "should not be relied on to the 'exclusion of other factors.'" *Bricker*, 292 Kan. at 245.

In other words, a defendant must establish that trial counsel's performance fell below the objective standard of reasonableness in order to withdraw his or her plea following sentencing. The defendant also carries the burden to establish that there is a reasonable probability that, but for the alleged errors of trial counsel, the result of the proceeding would have been different. *Bricker*, 292 Kan. at 245-46. That is, he or she would not have entered a plea and would have instead insisted on going to trial but for counsel's alleged deficient performance. *State v. Morris*, 298 Kan. 1091, 1103-04, 319 P.3d 539 (2014).

Before proceeding further with our analysis, we pause to examine Lara-Baca's claims. The seven allegations that he relied on in his motion, and the district court rejected as justification for the plea withdrawal, are not preserved for our consideration. Accordingly, all of those issues have been abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding that issue not briefed on appeal is deemed waived and abandoned).

At the same time, Lara-Baca's claims regarding the district court's alleged misstatement of guilty versus no contest, and trial counsel's response to that utterance,

5

emerged for the first time on appeal. The State contends Lara-Baca should be barred from raising this issue because he did not argue it as part of his motion to withdraw plea before the district court. Lara-Baca readily acknowledges this failure, but claims the issue falls within exceptions to the preservation rule that allow us to review its merits.

Long-standing caselaw supports the State's position. In *State v. Thorpe*, 36 Kan. App. 2d 475, 141 P.3d 521 (2006), Thorpe pleaded guilty to one count of involuntary manslaughter and two counts of aggravated battery. He appealed his convictions and his sentences, but this court dismissed the appeal, citing a lack of jurisdiction under K.S.A. 2005 Supp. 22-3602(a), which provided:

> "No appeal shall be taken by the defendant from a judgment of conviction before a
> district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other
> grounds going to the legality of the proceedings may be raised by the defendant as
> provided in K.S.A. 60-1507 and amendments thereto."

The *Thorpe* court went on to find that "[a] defendant may not file a direct appeal from a guilty plea unless the defendant first files a motion to withdraw the plea and the trial court denies the motion," and since Thorpe did not so move, the issue was not properly before the court for review. *Thorpe*, 36 Kan. App. 2d at 477 (citing *State v. Solomon*, 257 Kan. 212, 219, 891 P.2d 407 [1995]). The court made the added finding that it was also precluded from considering the issue simply because Thorpe neglected to raise it before the district court, and he did not allege any circumstances that might potentially alter that landscape.

The court in *State v. Williams*, 37 Kan. App. 2d 404, 153 P.3d 566 (2007), addressed a similar issue when Williams likewise advanced arguments in support of a postsentencing motion to withdraw plea for the first time on appeal. The *Williams* court observed that, from a jurisdictional standpoint, K.S.A. 2006 Supp. 22-3602(a) appears to prohibit any appeal from a plea. But it further stated that K.S.A. 2006 Supp. 22-3210(d)

6

gives the trial court a measure of discretion to withdraw the plea provided a written motion is first filed in the district court in pursuit of that relief. "If the trial court denies this motion, the defendant may appeal the denial to the appellate courts despite K.S.A. 2006 Supp. 22-3602(a)." *Williams*, 37 Kan. App. 2d at 406-07. Thus, the filing of a motion to withdraw plea in the district court is the key required to open the door for appellate review in the limited sphere surrounding pleas. The failure to take that step generally precludes review unless circumstances exist which allow the court to deviate from that rule.

Filtering Lara-Baca's case through this analytical framework leads to the conclusion that his issues are not properly before us for review. First, the language of K.S.A. 22-3602(a) remains unchanged from that highlighted in *Thorpe* and *Williams* as the jurisdictional gatekeeper for claims involving pleas. Thus, if Lara-Baca simply entered a plea, without more, he would not have an avenue to pursue appellate relief. K.S.A. 2020 Supp. 22-3210(d) likewise remains unchanged and offered Lara-Baca a possible pathway for review provided he first filed a written motion in the district court to litigate the issue of why he had a right to withdraw his plea. Lara-Baca successfully completed that second step but veered off course when he asserted wholly new claims for the first time on appeal to demonstrate withdrawal of his plea was necessary to avoid manifest injustice. In essence, that is the functional equivalent of never having filed a motion before the district court. The analysis would typically end there, but Lara-Baca acknowledges the procedural deficiencies in his case and asserts his claims fall within two of the three exceptions to the preservation requirement.

Our Supreme Court has identified three exceptions where an appellate court may consider an unpreserved issue: (1) cases in which the newly asserted theory involves only a question of law arising on proved or admitted facts; (2) when consideration of the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) when the judgment of a trial court may be upheld even though that court

7

relied on the wrong ground for its decision. *State v. Trevino*, 290 Kan. 317, 320, 227 P.3d 951 (2010). Lara-Baca contends his case fits within the first two exceptions.

First, according to Lara-Baca, his claims present a pure question of law because the parties do not dispute that he "accidentally entered a guilty plea instead of a no contest plea." But a lack of dispute on appeal is not the touchstone for whether an issue is one of fact or law. Rather, the proper inquiry is whether the issue turns on the interpretation of the law or the facts. In support of his argument, Lara-Baca highlights portions of transcripts from proceedings before the district court, he does not cite statutes or caselaw. The occurrences at a plea or sentencing hearing are inherently factual, not legal, and it is within the purview of the district court to review and correct any error. The reasoning behind the district court's classification of the plea as "guilty" rather than "no contest," be it a misstatement or misunderstanding, would be one for the district court, not this court, to resolve. Further, as it relates to counsel's conduct, the issue Lara-Baca raises requires an inquiry into counsel's lack of an objection at the time the alleged misstatement occurred. Again, resolution of that issue is driven by a purely factual, not legal analysis. Thus, Lara-Baca's claims do not fit within the parameters of the first exception to the preservation rule.

Lara-Baca also argues that his claims fit squarely within the second exception because unknowingly entering a plea "would render the plea constitutionally invalid." But the fact that the issue is constitutional in nature does not, in and of itself, mean it avoids application of the preservation rule. To the contrary, a defendant seeking to raise a constitutional issue must affirmatively assert, and convince the court, that an exception to the preservation rule warrants consideration. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). For these reasons, we are not persuaded that allowing Lara-Baca's claim to go forward under this exception to the preservation rule would "'serve the ends of justice" or "prevent [the] denial of fundamental rights.'" *Trevino*, 290 Kan. at 320.

Lara-Baca has failed to satisfy his burden to provide us with the proper tools to undertake a comprehensive analysis of his claims. Consequently, we decline to attempt to venture down that road. Based on our review of the record, we are satisfied the district court properly exercised its discretion when it denied Lara-Baca's postsentencing motion to withdraw his no-contest plea.

Affirmed.