NOT DESIGNATED FOR PUBLICATION

No. 123,379

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SUMMER DAWN DUNCAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed December 17, 2021. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Kelsey M. Moore*, assistant county attorney, *Jeffery Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., WARNER and ISHERWOOD, JJ.

PER CURIAM: Summer Duncan appeals her 68-month prison sentence for possession of methamphetamine with the intent to distribute. She asserts the State failed to meet its burden of proving her criminal history for previous misdemeanor and out-of-state convictions. She also argues that it was unconstitutional for the district court, and not a jury, to determine her criminal history for sentence-enhancement purposes. Lastly, Duncan challenges the denial of a dispositional departure sentence. After reviewing the record and the parties' arguments, we find no error and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In August 2020, Duncan pleaded no contest to possession of methamphetamine with intent to distribute. Her presentence investigation report listed her criminal-history score as C, based in part on three person-misdemeanor convictions that were aggregated as equivalent to one person felony under the Kansas Sentencing Guidelines. See K.S.A. 2020 Supp. 21-6811(a). The presentence investigation report also listed three nonperson-felony convictions from Arkansas: one conviction for possession of methamphetamine under Ark. Code Ann. § 5-64-419 (2013) and two convictions for possession of drug paraphernalia under Ark. Code Ann. § 5-64-443 (2011).

The presentence investigation report did not include journal entries for any of these convictions. As a result, there was no indication of whether Duncan had an attorney for her misdemeanor convictions or whether she waived that right. The report also did not indicate which specific subsections of the two Arkansas statutes formed the basis for Duncan's out-of-state convictions. The report did state that the Arkansas offenses were nonperson felonies.

At sentencing, Duncan personally admitted that she had reviewed her criminal history in the presentence investigation report and had no objections to the information included. With a criminal-history score of C based on the aggregated misdemeanors and Arkansas convictions, Duncan faced a presumptive sentence of 68 months in prison under the Kansas Sentencing Guidelines. Duncan moved for a dispositional departure, citing various factors that she argued warranted probation. The district court denied Duncan's motion and sentenced her to the presumptive sentence. She now appeals.

DISCUSSION

Duncan raises three arguments in her appeal. She asserts the court erred when it sentenced her under a criminal-history score of C, claiming the State failed to carry its

burden of proof with respect to the misdemeanor and out-of-state convictions. She also claims that section 5 of the Kansas Constitution Bill of Rights requires a jury, not a judge, to make findings regarding her criminal history. And she argues the district court should have granted her departure motion.

We can resolve Duncan's second and third claims briefly at the outset:

- The Kansas Supreme Court rejected her second argument under section 5 while this appeal was pending. *State v. Albano*, 313 Kan. 638, Syl. ¶ 4, 487 P.3d 750 (2021) ("Section 5 of the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised Kansas Sentencing Guidelines Act."). We are bound by this decision and need not address the issue further.

- We lack jurisdiction to review the denial of Duncan's motion for a dispositional departure since Duncan received a sentence within the presumptive range under the Kansas Sentencing Guidelines. See K.S.A. 2020 Supp. 21-6820(c)(1) (appellate courts "shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime"); *State v. Williams*, 37 Kan. App. 2d 404, 407-08, 153 P.3d 566, *rev. denied* 284 Kan. 951 (2007).

We are thus left to consider Duncan's arguments surrounding the evidence supporting her criminal-history score—namely, the presentence investigation report's consideration of her previous misdemeanor convictions and the report's classification of her Arkansas convictions. We do so recognizing that Duncan did not object to her criminal history on either ground when given the opportunity at sentencing; in fact, she affirmatively indicated that the report was accurate. We also recognize that panels of this court have reached different conclusions on both questions. But we conclude that the

report's listing of the misdemeanor and out-of-state convictions satisfied the State's burden of proving Duncan's criminal history when she did not object at sentencing.

1. *The presentence investigation report satisfied the State's burden of proving Duncan's misdemeanor convictions.*

The Kansas Sentencing Guidelines use a combination of a defendant's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for those crimes. See K.S.A. 2020 Supp. 21-6805 (providing the presumptive sentences for drug crimes). A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor convictions. See K.S.A. 2020 Supp. 21-6810(c), (d)(2), (d)(6).

One exception to this rule is that a previous misdemeanor conviction obtained when a person was not represented by counsel (and had not waived his or her right to counsel) and that resulted in a prison or jail sentence cannot be used to enhance the person's sentence in a later case. *State v. Youngblood*, 288 Kan. 659, Syl. ¶ 3, 206 P.3d 518 (2009); see also *State v. Tims*, 302 Kan. 536, Syl. ¶ 2, 355 P.3d 660 (2015) (reiterating the holding in *Youngblood*).

The State bears the burden of proving a defendant's criminal history at sentencing. See K.S.A. 2020 Supp. 21-6814. A defendant's criminal history may either be "admitted in open court by the offender" or "determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." K.S.A. 2020 Supp. 21-6814(a). When the presentence investigation report clearly sets forth the defendant's criminal history and the defendant does not object to the report's summary, submission of the report "satisf[ies] the [S]tate's burden of proof." K.S.A. 2020 Supp. 21-6814(b). If a defendant believes the criminal history in the report is not accurate, he or she must object to the incorrect information—providing the court and the prosecutor with "written notice" that "specif[ies] the exact nature of the alleged error." K.S.A. 2020 Supp. 21-6814(c). The

4

State then must "produce evidence" of the defendant's criminal history "to establish its burden of proof." K.S.A. 2020 Supp. 21-6814(c).

In contrast to these procedures, if a person decides to challenge his or her criminal history later—without objecting at sentencing—"the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 2020 Supp. 21-6814(c). For this reason, even though the State bears the burden of proving a person's criminal history at sentencing, a defendant who later files a motion challenging the offenses on which his or her sentence was based, such as a K.S.A. 22-3504 motion to correct an illegal sentence, bears the burden to prove any error. See *State v. Neal*, 292 Kan. 625, 633, 258 P.3d 365 (2011).

In limited circumstances, a presentence investigation report's criminal-history summary may not satisfy the State's burden, even when a defendant fails to object. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). In *Obregon*, our Supreme Court held that the State did not meet its burden of proving the defendant's criminal history when the presentence investigation report failed to say whether a previous out-of-state offense was a person or nonperson crime. 309 Kan. at 1275. Although the presentence investigation report "frequently can satisfy the State's burden absent defendant's objection, . . . more is required when the summary does not indicate which version of the out-of-state offense the defendant committed." 309 Kan. at 1275; see also *State v. Ewing*, 310 Kan. 348, 359-60, 446 P.3d 463 (2019) (applying *Obregon*).

Duncan, who did not object to her criminal history at sentencing, seeks application of *Obregon* to her misdemeanor convictions. She asserts that the State did not meet its burden of proving those convictions because the presentence investigation report did not specify whether they were counseled. But the Kansas Supreme Court recently rejected this argument in *State v. Roberts*, 314 Kan. ___, 2021 WL 5409140 (No. 121,682, filed November 19, 2021). The court held in *Roberts* that

5

> "a defendant who fails to object at or before sentencing to the constitutional validity of a prior conviction used to enhance a current sentence, based on a claim of absence of counsel without a valid waiver, has the burden to show by a preponderance of the evidence that the prior conviction is invalid, regardless of whether the defendant's post-sentencing challenge to the allegedly uncounseled prior conviction is brought on direct appeal of the current sentence or in a proceeding collaterally attacking that sentence. Absent such a showing, the prior conviction is presumed to be regular and valid."
> *Roberts*, 314 Kan. ___, Syl. ¶ 6, 2021 WL 5409140.

We note that Duncan does not actually attack the presentence investigation report's identification of her previous misdemeanor convictions. Instead, she argues the State must affirmatively prove that the process giving rise to each of her misdemeanor convictions was constitutional. But this assertion, which the *Roberts* court rejected, would undermine the framework in K.S.A. 2020 Supp. 21-6814 and effectively eliminate the objection requirement. Because the presentence investigation report clearly identified Duncan's misdemeanor convictions and she did not object to that identification, the State met its burden of proving Duncan's criminal history with respect to her misdemeanor convictions.

Duncan also argues the State did not meet its burden under K.S.A. 2020 Supp. 21-6813(b)(5), asserting the statute requires the State to attach any available journal entries of past convictions to the presentence investigation report. But even if we were to interpret K.S.A. 2020 Supp. 21-6813(b)(5) in the manner Duncan suggests, she still had to object to alert the district court to the alleged deficiency. K.S.A. 2020 Supp. 21-6814(b) is clear that—in the absence of any objection—the presentence investigation report's criminal-history summary met the State's burden.

Duncan does not allege that her misdemeanor convictions were uncounseled— only that the State did not meet its burden. If Duncan wants to show that her criminal-

6

history score is invalid because the listed misdemeanors were uncounseled, she must do so under K.S.A. 2020 Supp. 21-6814's burden-shifting framework. See *Roberts*, 314 Kan. ___, Syl. ¶ 6. Because Duncan did not object at sentencing, she will have the burden in any future challenge to show that her misdemeanors were uncounseled.

2.  *The presentence investigation report's criminal-history summary proved Duncan's Arkansas felony convictions when Duncan did not object.*

Under the same *Obregon* framework, Duncan argues that the State did not meet its burden of proving her previous Arkansas convictions were felonies because the presentence investigation report did not list the specific subsections under which she was convicted. The statutes at issue contain both felony and misdemeanor provisions, so she asserts the State did not prove her Arkansas convictions were felonies. Though we recognize that out-of-state convictions present a different question under *Obregon* than the uncounseled misdemeanors we discussed in the previous section, we do not find this argument persuasive for two primary reasons.

*First*, even though the presentence investigation report did not identify the specific statutory subsections giving rise to Duncan's Arkansas convictions, it did identify Duncan's convictions as felonies. The report labels all three of Duncan's Arkansas convictions as "AFN," which it defines as "Adult Felony Nonperson." Duncan did not object to that designation.

Panels of this court have differed on whether the State meets its burden when it fails to provide the applicable subsection of a statute that includes felonies and misdemeanors. One panel found that, when the defendant did not object to his criminal history at sentencing, the presentence investigation report satisfied the State's burden even though the criminal-history summary did not specify the applicable statutory subsections. *State v. Corby*, No. 122,584, 2021 WL 2275517, at *2-4 (Kan. App.) (unpublished opinion), *rev. granted* 314 Kan. ___ (2021). Although the statute listed

7

included both felonies and misdemeanors, the presentence investigation report still designated the convictions as "AFP"—adult person felonies. 2021 WL 2275517, at *3. That designation, combined with the defendant's failure to object to it, distinguished *Corby* from *Obregon* and meant that the State had met its burden of proving the defendant's criminal history. *Corby*, 2021 WL 2275517, at *4.

Another panel found that failure to include a subsection of a statute that contained both felony and misdemeanor provisions could not prove the defendant's criminal history—even without an objection. *State v. Chenault*, No. 121,998, 2020 WL 6935616, at *3-4 (Kan. App. 2020) (unpublished opinion). The panel held that a presentence investigation report that fails to designate an applicable subsection "does not provide substantial competent evidence to support the district court's classifications." 2020 WL 6935616, at *3. The *Chenault* panel did not address the presentence investigation report's designation of these convictions as "AFN," or nonperson felonies.

We agree with the *Corby* panel that the State met its burden of proving out-of-state felonies when the presentence investigation report identified Duncan's Arkansas convictions as felonies—even without listing a subsection of the relevant statute—and Duncan did not object to that identification. Under K.S.A. 2020 Supp. 21-6814, it is incumbent upon Duncan—not the State—to object to any errors in the presentence investigation report. See K.S.A. 2020 Supp. 21-6814(b), (c); *Corby*, 2021 WL 2275517, at *3.

*Second*, one of the Arkansas convictions listed in the presentence investigation report—possession of methamphetamine under Ark. Code Ann. § 5-64-419—must be a felony. That statute designates methamphetamine-related crimes as felonies only. See Ark. Code Ann. § 5-64-419(b)(1) (2013). This conviction alone, a nonperson felony, would lead to a criminal-history score of C when combined with the person felony aggregated from Duncan's misdemeanor convictions. See K.S.A. 2020 Supp. 21-6805(a)

8

(listing a C criminal-history score as "1 Person & 1 Nonperson Felonies"). We further note that Arkansas convictions for possession of drug paraphernalia are felonies when the paraphernalia is used in conjunction with methamphetamine. See Ark. Code Ann. § 5-64-443(a)(2) (2011). According to the presentence investigation report, Duncan's two Arkansas convictions for possession of drug paraphernalia arose out of the same criminal case as her conviction for possession of methamphetamine, and her attorney indicated that all three Arkansas offenses were methamphetamine-related. Thus, while including the specific statutory subsection giving rise to the conviction in the presentence investigation report is certainly the best and surest way for the State to carry its burden of proof regarding an out-of-state conviction, the absence of that information in this case does not render the sentencing findings deficient.

The district court did not err when it calculated Duncan's criminal-history score.

Affirmed.