NOT DESIGNATED FOR PUBLICATION

No. 123,735

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DWIGHT REID,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed July 1, 2022. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Dwight Reid appeals the district court's denial of his motion for a dispositional departure to his felony sentence, claiming the court abused its discretion. We granted Reid's motion for summary disposition per Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Because the district court imposed the presumptive sentence for Reid's crime, we lack jurisdiction and dismiss his appeal. K.S.A. 2021 Supp. 21-6820(c)(1).

1

The State charged Reid with one count each of failing to register as a sex offender and aggravated failure to register as an offender. By a plea agreement, Reid pleaded guilty to the failure to register charge and the State dismissed the charge for aggravated failure to register. However, under the agreement, Reid was free to argue "disposition." Because Reid had a criminal history score of A, he was subject to a presumptive prison sentence of 40 to 46 months. Before sentencing, Reid filed a motion for a dispositional departure to probation. Reid argued that the conviction for which he had to register was more than 16 and 1/2 years old, that failure to register is a strict liability offense for which he could not argue substantial compliance, and that there is a lack of evidence showing that registration is effective. Reid argued that at the time of the offense, he did not have a permanent home or a stable place to live. He also argued he tried to register in Missouri but was denied because the address was in a school zone. He noted that he accepted responsibility for his actions and had spent 253 days in custody, which he claimed was an appropriate punishment.

At the sentencing hearing, Reid raised these same arguments and maintained that they constituted substantial and compelling reasons to depart. The State asked the district court to impose the presumptive prison sentence. The district court denied the departure motion, finding that Reid made some good points in his argument but that his criminal history score was A *and* looking at the nature of the specific offenses that made up that criminal history, the court noted that his convictions included violent crimes that spanned from 1997 through 2018. So the court did not believe a departure was warranted and sentenced him to 40 months' imprisonment.

Reid timely appeals.

ANALYSIS

Reid's only argument on appeal is that the district court erred in denying his request for a dispositional departure to probation because it relied on his criminal history score as its reason for denying the departure request. Reid acknowledges, however, that appellate courts lack jurisdiction to review a presumptive sentence. So we must first determine whether we have jurisdiction to consider this appeal.

The Legislature specifies presumptive sentences on sentencing grids for most crimes. A "'presumptive sentence' means the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2021 Supp. 21-6803(q); see K.S.A. 2021 Supp. 21-6804(f) (applying to nondrug crimes); K.S.A. 2021 Supp. 21-6805(d) (applying to drug crimes; same provision). The grids also include dispositional lines that divide sentences into three categories: presumptive prison, presumptive probation, and so-called border boxes where special rules apply that give the sentencing judge more discretion on whether the disposition will be prison or probation. K.S.A. 2021 Supp. 21-6804(a), (d) (applying to nondrug crimes); K.S.A. 2021 Supp. 21-6805(a), (d) (applying to drug crimes).

"[T]he sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2021 Supp. 21-6815(a). A departure sentence can relate to the disposition or the duration of the sentence and can impose a lesser or a greater sentence. See K.S.A. 2021 Supp. 21-6815 through K.S.A. 2021 Supp. 21-6818.

Reid's 40-month prison sentence was a presumptive sentence for the crime of conviction under the sentencing guidelines. See K.S.A. 2021 Supp. 22-4903(c)(1)(A) (classifying first violation of offender registration as a severity level 6 felony); K.S.A.

2021 Supp. 21-6804(a) (showing presumptive sentence of 46, 43, or 40 months of imprisonment for a severity level 6 felony with a criminal history score A). On appeal from any judgment of conviction of a felony, this court shall not review any presumptive sentence. K.S.A. 2021 Supp. 21-6820(c)(1); see also *State v. Huerta*, 291 Kan. 831, 835, 837, 247 P.3d 1043 (2011) (stating that "[m]erely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence," and appellate courts lack jurisdiction to review presumptive sentences "even if those appeals were based on claims of partiality, prejudice, oppression, or corrupt motive").

We note that Kansas statutes do allow both the defendant and the State to appeal a departure sentence. K.S.A. 2021 Supp. 21-6820(a). But such an appeal depends on the *imposition of a departure sentence* from the presumptive sentence—either favorable or unfavorable. See *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). *Looney* involved a case in which the district court granted a downward durational departure and Looney argued it was not enough. Under those circumstances, K.S.A. 2021 Supp. 21-6820(a) would allow an appeal. But the *Looney* court specifically noted that this did not apply to a situation like that in *State v. Williams*, 37 Kan. App. 2d 404, 153 P.3d 566 (2007), because the sentences imposed in *Williams* were within the presumptive sentencing ranges and therefore unappealable under K.S.A. 21-4721(c)(1), now codified at K.S.A. 2021 Supp. 21-6820(c)(1). 299 Kan. at 909-10.

Likewise, Reid does not argue that the district court misinterpreted its own statutory authority to grant a departure sentence, which could justify an appeal of an otherwise presumptive sentence. See *State v. Warren*, 297 Kan. 881, 883, 304 P.3d 1288 (2013).

Because we lack jurisdiction to consider an appeal of a presumptive sentence, we must dismiss Reid's appeal. See *State v. Young*, 313 Kan. 724, 730-31, 490 P.3d 1183

4

(2021) (explaining presumptive sentences and affirming that appellate courts lack jurisdiction to review one).

Appeal dismissed.